Parsons, C. J.
In this case there is an issue in law, arising on *413 a general demurrer to the plaintiff’s replication, and a joinder in demurrer.
In an action of covenant, the plaintiff declares on a deed of the defendant to him, in which, for the consideration of .six shillings and jive pence, the defendant sold him the lands described in the ' declaration, to hold in fee simple, and that the defendant in substance covenanted that he had good right to sell the same, that they were free of all encumbrances, and that he and his heirs would warrant the same to the plaintiff, his heirs and assigns, against all lawful claims. The plaintiff then assigns a breach of each covenant generally, by negativing the words of the covenant.
The defendant pleads in bar that, before the plaintiff commenced this action, and before he had improved the premises, or added any value to the same, for the consideration of 100 dollars, he assigned and transferred to one Thomas Roberts, in fee, but without any warranty or covenants rendering the plaintiff answerable for any defect of title in the premises, all the plaintiff’s right, title, and interest, therein, and in the covenants contained in the deed declared on, which passed to the said Roberts accordingly.
The plaintiff, in his replication, sets forth his deed to Roberts in hcec verba, by which it appears to have been a release of all * his right, with a warranty against all persons claim- [ * 460 ] ing under him and his heirs.
To this replication there is a demurrer and joinder.
In looking into the replication, to which the demurrer is immediately applied, it appears neither to traverse, nor to confess and avoid, any material allegation in the bar. The deed therein recited is substantially the same, as to its legal operation, as is supposed in the bar. The replication is therefore ill, if the bar be good. To support the bar, the defendant supposes that the conveyance by the plaintiff, under the circumstances there alleged, is a discharge, as to him, of the covenants contained in the deed declared on. It is a general rule that, when a feoffment or demise is made of land, with covenants that run with the land, if the feoffee or lessee assign the land before the covenants are broken, and afterwards they are broken, the assignee only can bring an action of covenant to recover damages, unless the nature of the assignment be such that the assignor is holden to indemnify the assignee against a breach of the covenants by the feoffor or lessor. This rule is founded on the principle that no man can maintain an action to recover damages, who can have suffered no damages.
To apply this principle to the defendant’s plea in bar, we must examine the nature of the covenants contained' in the deed, and of .he breaches assigned. One of these is a covenant that the defend *414 ant had good right to convey the premises, in fee simple, to the plaintiff; and a breach of this covenant is well assigned. As the defendant, in his bar, has not traversed this breach, nor confessed and avoided it, we must consider this covenant as having been broken by him. It must, therefore, have been broken immediately on the execution of the deed containing it; and the damages accruing from the breach must have been suffered by the plaintiff before his release to Roberts. This covenant, having been broken before the release, was at that time a mere chose in action not assignable. Neither could it have passed by the release — because, no estate passing to the plaintiff by the defendant’s deed, there was no land to which this covenant could be annexed so as to pass to the releasee. The plea in bar is therefore bad and insufficient in law, and the plaintiff must recover his damages, if the declaration be good.
[ *461 ] *The covenants against encumbrances, and to warrant and defend, we lay out of the case : as no particular encumbrance is shown, and no ouster by a title paramount is alleged, the plaintiff cannot recover damages for any supposed breach of these covenants. But he is entitled to his damages for the breach of the defendant’s covenant that he had good right to convey. The rule for assessing the damages arising from this breach is very clear. No land passing by the defendant’s deed to the plaintiff, he has lost no land by the breach of this covenant; he has lost only the consideration which he paid for it, amounting to 6s. 5d. This he is entitled to recover back, with interest to this time. (a)
After this opinion was delivered, Mellen moved the Court that they would authorize the taxing full costs for the plaintiff in this case, on the ground that “ the plaintiff had a reasonable expectation of larger damages than four pounds.” (5) The principle which has governed the Court in the decision just had, has been now first declared. The actual value of the land at the time of the judgment has heretofore uniformly been received as the rule or measure, in assessing damages, in actions of this kind. It is submitted, therefore, to the Court whether the plaintiff had not a most reasonable ground of expectation that he should recover more than four pounds damage in the present suit.
The Solicitor-General observed that the plaintiff himself could *415 have no reasonable expectation of recovering more damages than he had actually sustained loss. The statute referred to was not predicated on the shrewdness and acuteness of practitioners, who might have formed an expectation — perhaps, from the looseness of practice heretofore, not in itself unreasonable—of recovering extravagant damages for an imaginary injury.
Thatcher, J.
As the principle has not been before settled, I think the plaintiff’s expectation of larger damages than four younds not unreasonable. I am therefore in favor of allowing full costs.
* Sewall, J.
As a different principle has heretofore [ * 462 ] governed the Court in assessing damages in actions of this kind, the plaintiff might reasonably expect a greater sum. My opinion therefore is, that full costs should be taxed.
Parsons, C. J.,
gave no opinion, (a) (b)

 Vide Marston vs. Hobbs, ante, 433, and the cases cited there in the notes.

 Vide Stat. Feb. 13, 1787

Note.—The Chief Justice afterwards informed the reporter that he gave nu opinion on the motion for full costs, because he doubted whether a misapprehension of the law, however excusable, could be considered as a reasonable cause of expecting greater damages than four pounds, within the tiue intent of the statute which gives this limited discretion to the Court. But on further considering the motion, he was satisfied that full costs ought to be allowed, because the action could not originally have been commenced before a justice of the peace. The statute of March 11, 1784, describing the jurisdiction of justices of the peace in civil actions, excludes all actions in which the title to real estate is in question ; and the statute of February 13,1787, limits the costs to one fourth part of the damages in actions where the title to real estate does not come in question. But an action of covenant broken, on a deed conveying land, in which a breach is assigned that the defendant was not seised, or had no right to convey the land, brings the title to real estate directly in question. And in a conversation between the Chief Justice and the Judges Sewall and Thatcher, they were all of opinion that, on this last ground, the plaintiff was entitled to full costs.

b) Vide Toppan vs. Atkinson, ante, 365.