OPINION OF THE COURT — by the
Hojí. EDWARD TURNER.
This is a motion to quash a writ of fi fa, issued in this case, in the Amite Circuit Court, on a judgment obtained therein, for tlie damages and costs. The action is slander, and the verdict of tlie jury rendered at April Term, 1823 is in favor of .the plaintiff for one dollar damages, besides costs. After verdict, the cause was referred to this court} on a motion to abate the suit; which mdtion tvasoverruled, ánd judgment rendered in favor of the plaintiffs at December Term 1824. Whereupon the execution in question was issued on tho 22d March 182t>, for the damages and coáts of suit, including a bill of costs, which accrued in the, supreme court on the reference aforesaid, amounting to thirty-five dollars, sixty-twó ¿nd one half cents, returnable to the April term 1825, on which a levy was made and forthcoming bond taken, and returned-with the execution to that term.
The defendants by their counsel then moved to quash the fi. fa. ad to costs, on the following grounds, to wit: first, because the action was an action of slander, and the verdict was for plaintiff for one dollar only. Second; because the law allowed ho costs in the supreme court; wheVe the casa *210 was referred by the judge upon doubts, and the court doubting as to the law and rule of decision, referred this motion to the supreme court. The suit was commenced after the November term 1819, and previous to April term 1820. Afterwards, and whilst the suit was pending, the legislature passed the act of June 1822, establishing the circuit court, the 74th section of which provides for the recovery of costs generally, by the parties prevailing in .the cause, and the law was so, previous to that time. But 'the act concerningthe limitation of actions, Rev. code, p. 187, sec. 17 provides, that in all actions of assault and battery and slander, commenced and prosecuted 'in any court of law of this state, if the jury find for the plaintiff, under the sum of ten dollars, he shall not recover any costs. It is contended bythe defendant’s counsel, that according to the provisions of this statute, the plaintiffs are not entitled to any costs, that although by the law existing at the time of the commencement of the suit, a plaintiff, in a case like this, prevailing in his cause was entitled to costs, yet that the costs did not then constitute a vested right, and were subject to legislative control, át any time during the pendency of the suit, and that the language of the statute above recited, extended to causes then pending, as well as to those which might be afterwards commenced, and refers to a case found in the Massachusetts reports vol. II. page 340.
Having given to this case all the consideration which its novelty and importance require, we have been unable to find any principle, or any adjudged case, which will sustain the present motion on the first ground. It seems wrong in principle, that the law should authorise a recovery of costs at the time suit was commenced, and that whilst the suit is pending, that the law should be altered, so as to lessen the plaintiff’s claim. Ex post facto laws are clearly void, and those having a retrospective effect are not 'to be favored. It cannot be denied, moreover, that the probable amount of costs had great influence with the jury in assessing the damages, for, by •their verdict, as appears by the record, the jury find the defendant guilty, and assess the damages to one dollar and costs. Although the jury had nothing todo with the costs, yet having included them in their verdict, their intention is perceived, although the latter part of the verdict is surplus age.
The act of 1822 relied on by the defendant’s counsel, is a general law enacted, not so much to alter the then existing law, as to provide a saluta *211 ry general rule on this, subject, and as the legislature was engaged in embodying and establishing a general system of statute law for our state. But if any reasonable doubt existed in relation to this point, by the phraseology of the act of1822 above cited, we consider that the proviso found,, in the 7th section of the act, declaring what laws of a public nature shall be incorporated in .the revised code, and providing for the publication thereof,, passed June the 30th 1822 at the same session of the above recited act, removes all doubt and furnishes.the rule on which this .matter must be de cided. The proviso is in-these words:, “ Provided that all rights.which, shall have accrued, and all remedies which shall have been commenced under former laws, shall be, and remain as though the said code had never been adopted. Rev. code,,p. 8:- see also the 8th section of the same act, and 2 Mass. Rep. 461..
We consider these provisions conclusive on this question, and that the plaintiff is entitled to. his costs. As to the 2d reason for quashing the ex ecution, it is not relied on. The statute gives no costs in the supreme court in a case referred by a circuit judge,.on doubts.as to the law.
Motion to quash the execution, overruled..
Let an order be made that the supreme court costs, amounting to thirty» fivedollars sixty-two and one half cents,be credited on the bond and exe-. cution.
Judges Hampton and Black, concurred..