After the foregoing opinion was delivered, the counsel for the defendant moved for a rehearing. The motion was granted, and at the present term, another argument was addressed to the court, in behalf of the defendant.
Shaw, C. J.
A rehearing of the cause has been had, before the full court, upon several grounds. 1. That the complainants are chargeable with laches in not having commenced their suit earlier.* Under the circumstances, we can see no ground for this objection. By the location, the complainants are and have been in the possession and actual use of all the privileges, which the performance of the defendant’s agreement would give them, and all which they have occasion for; and all which they seek by this suit is a confirmation, by the deed stipulated for, of these privileges, as their right.
2. That the company do not show that they accepted the defendant’s contract, until this suit was commenced. We understand that Mr. Morris was the authorized agent of the company, and that the deed to them was made pursuant to the instructions given him for that purpose, and therefore the delivery of the defendant’s deed to him was a delivery to the company, and his acceptance of the deed was an acceptance by the company. By such acceptance, the company were bound to the performance of the stipulations in it, on their part to be *357 performed. The court are asked, by way of test, whether the defendant could have maintained an action against the company, as soon as they had located their road over his land, and taken possession of it, at the rates stipulated for in this contract. We think he could, and that this follows from the principle already stated, viz. that the grantee, in a deed poll, is bound, by its acceptance, to the performance of conditions stipulated to be performed on his part; and such obligation not arising from specialty on his part, assumpsit will lie to enforce it.
3. Another ground is inadequacy of consideration, because the damages are so much greater thrm were contemplated when the contract was made. Undoubt ,dly gross inadequacy of consideration is a good reason for not enforcing the specific performance of a contract. It is somewhat difficult to deal with this question of inadequacy of consideration, when the circumstances are so changed by the location of the rail road itself. At the present time, the business of the vicinity may have greatly increased, and the value of all the lands adjacent or near to the rail road must be estimated as it is enhanced by the establishment of such a great public work and thoroughfare in its neighborhood ; whereas, at the time this contract was made, it was valued as plough-land, mowing, pasture and wood-land. It was at a time when the company had some latitude of choice, in determining where to build this great public work, and especially as to the precise route they would adopt. Besides; the defendant, when the route was uncertain and unsettled, might be induced, very justly and wisely, to offer his land at an under valuation, in respect to the enhanced value of the residue of his property, to be effected by the location of this road, in that direction. So far as this had any influence, if it had any, it was a consideration for the defendant’s contract, in addition to the pecuniary compensation to be paid for the land, and renders it more difficult to draw any conclusion of inadequacy of consideration from the stipulated rates of payment for the different kinds of land taken. Under these circumstances, we are of opinion, that to invalidate this contract, the inadequacy of consideration must be so gross, and the proof of it so great, as to *358 lead to a reasonable conclusion of fraud or mistake; and we can perceive no such proof, nor any thing approaching to it.
4. Another ground relied on is, that, in the opinion formerly given, the court intimated that in case Babcock should receive a larger amount of compensation, by the award of commissioners, or the verdict of a jury, than he had stipulated by his contract to accept, the company, in an action at law on the contract, would have a right to recover back the difference; and this is supposed to be incorrect.
That proposition was not necessary to the decision of the cause, and it was put by way of illustration, in order to strengthen the conclusion that this was a fit case for a specific performance of the defendant’s contract ty a decree in equity, for this, among other considerations, that a suit at law would lead to the same result, by a circuity of action.
Our view was this: Supposing the defendant’s contract to be a valid and legal one, subject to no legal or equitable objection, then he was bound by it to execute a deed to the company, on payment of the stipulated compensation for his land ; and his refusal to do so, on demand and tender, would be a lweach. In a suit at law, on such breach shown, the plaintiffs would be entitled to recover such sum as would indemnify them for the actual and direct loss sustained by the non-performance of the contract. Such we understand to be the rule of law, in regard to damages. There may be a difficulty in fixing this by proof; but, when fixed, it is a rule of law as certain as the rule of damages on the non-payment of a note of hand. Such is the rule of damages on breach of a covenant of seizin or right to convey, when no estate passes; it is the sum actually paid, because that is the sum actually lost by the breach. Bickford v. Page, 2 Mass. 455. 4 Kent Com. (3d ed.) 474, 475. If the consideration actually paid cannot be ascertained, the damages shall be determined as nearly to it as the proof will admit. Smith v. Strong, 14 Pick. 128. Where a party stipulated to give his land for a public improvement, the value of the land was deducted from his other damages sustained, in an application for damages. Foster v. Boston, 22 Pick. 33. So *359 m a covenant against incumbrances, the sum actually paid to remove the incumbrance is the measure of damages. Prescott v. Trueman, 4 Mass. 627. Brooks v. Moody, 20 Pick. 474. Indeed, the rule is too familiar to require many authorities to be cited in support of it.
Now, the view of the court was, that if the defendant here could proceed and obtain an award for damages larger than the sum which, by his contract, he had stipulated to take, then the loss sustained by the plaintiffs would be the difference between what they should thus be compelled to pay, under the award of commissioners, and the sum the land owner had agreed to receive in full satisfaction. That sum would be the exact amount of their loss; and of course that sum would be the measure of their damages, in a suit for breach of this contract. It still appears to us that this is a correct view of the subject, and that, under the circumstances of this case, a decree for a specific performance will bring the parties to the same result, to which they would come by a circuity of action, if it were refused.
We are aware that this is not the result in ordinary cases, and depends upon the peculiar circumstances of this case. Ordinarily, when a decree for a specific performance of a contract to convey lands is refused by a court of equity, for any cause, the covenantor holds and retains the land, and the covenantee’s only remedy at law is to recover a sum of money in damages. But, in the present case, the complainants have a right by law to take and hold the land for public use, to the same extent which they could do by force of the contract, and the landholder’s only remedy would be to recover a sum of money as compensation for his land. When the sum, which he should thus recover by the award of commissioners, comes to be compared with the amount to be received by the contract, the difference is mere matter of computation ; and if the owner of the land had gained any thing by the operation, it would be a gain m money, and a gain precisely commensurate with the company’s loss. But, in either event, whether by the operation of law, or by force of a decree for specific performance, the company holds the land.
*360 Several other considerations were brought to the attention of the court, in behalf of the defendant, on the rehearing, which have been fully considered; but upon the best deliberation which they have been able to bestow upon a revision of the whole subject, they adhere to the opinion formerly expressed, that the plaintiffs are entitled to a decree for specific performance.

 The defendant’s counsel, on this point, cited Watson v. Reid, 1 Russ. & Mylne, 236.