## J. SCOTT TODD *vs.* CHARLES W. LUNT.

Essex.   November 9, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Tax Deed — Uncertainty — Title — Disseisin — Trespass — Tenant in Common.*

A collector's deed of land sold for the non-payment of taxes containing so inaccurate a description thereof as to bounds and area that the premises as described cannot be found, is void for uncertainty; and title thereto acquired by the grantee by mere possession, not amounting to a title by disseisin, will not enable him to maintain trespass against a tenant in common thereof in whose title no defect is shown.

TORT for forcibly entering upon the plaintiff's parcel of salt marsh on Plum Island in Rowley, called the " Pollard lot," and cutting and carrying away the grass thereon ; and for converting the same to the defendant's use.   Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed the following bill of exceptions.

" This action was heard and determined by the court on finding the facts following: Plaintiff's record title to the premises, to which his declaration related, was derived exclusively from the deed of George Kimball, collector of taxes of the town of Rowley for the year 1883, who, on August 18, 1883, sold said premises at auction to plaintiff, for the discharging and payment of taxes upon the same, remaining unpaid, and which had been assessed to one Frank D. Pollard, a non-resident of Rowley, as owner of said premises.   Said deed of said Kimball was executed on August 18, 1883, delivered to plaintiff not before August 22, 1883, and recorded on September 15, 1883.   Copy of said deed may be referred to in the argument of these exceptions."   This deed recited that the sale was made by the collector because of the non-payment of a tax duly assessed upon " Frank D. Pollard, non-resident, as owner of the real estate in said Rowley which is hereinafter described," due advertisement having been made by the publication of a notice, containing " a substantially accurate description of said real estate," in a newspaper named, and by posting the same, and described the premises as being " the

whole of the following described real estate, the same being the land taxed as aforesaid, to wit, about four and one half acres of salt marsh at Plum Island, bounded westerly on the river, northerly on a creek, easterly on marsh occupied by John Rogers."

" Plaintiff, after receiving the deed of said Kimball in the month of August, 1885, after the expiration of two years from the day of the sale to the plaintiff, went upon the said premises, which were known for many years theretofore as the ' Pollard lot,' in company with one David O. Nelson, who had known said Pollard lot for thirty years, and who pointed out to plaintiff the boundaries of said Pollard lot, as being northerly by a creek, easterly by land of the late Little, southerly by land of the late Bailey, and westerly by land of Widow Coffin, and containing about six acres. Thereupon plaintiff entered upon the land pointed out as aforesaid, declared at the same time in the presence and hearing of said Nelson that he entered upon said land for the purpose of taking possession of the same, and posted thereon a notice to that effect, which afterward was seen and carried away by defendant. Plaintiff did no other act on said land beside the acts hereinbefore stated. Said Frank D. Pollard was a resident in Plaistow, N. H., was never a resident in Rowley, and was a son of John Pollard, of said Plaistow, who died there intestate in 1847, leaving issue and heirs at law, said Frank D. Pollard, Isaac H. Pollard, and John H. Pollard. Said Frank D. Pollard died in the spring of the year of - 1880 or of 1881.

" Defendant derived his title to the premises to which the declaration related by the quitclaim deed of said Isaac H. Pollard, Charlotte Pollard, and Mary J. Pollard, executed and acknowledged on February 28, 1885, and recorded on June 1, 1885. Copy of said quitclaim deed is annexed hereto, marked ' A,' and is made part of these exceptions." This deed described the premises as " a certain lot of marsh land, situated in Rowley, county of Essex, at Plum Island. Said lot of land is bounded and described as follows : commencing at the northeast corner at marsh of heirs of Edward Little, thence easterly by said Little's land to marsh of heirs of Bailey, thence southerly by said Bailey's land to marsh of Coffin, thence westerly by said Coffin's marsh to creek, thence northerly by creek to bound begun at, con-

taining five acres, more or less, meaning to convey by this deed
the lot of salt marsh known as the Pollard lot, together with all
uncollected rents and demands on account of sales, or cutting of
the grass or hay on said lot."

"Said John Pollard, father of said Frank D. Pollard and of
said Isaac H. Pollard, derived his title to the said premises by
the warranty deed to him of Johnson Tenney, executed and
acknowledged on June 1, 1829, and recorded on September 19,
1887.    Defendant neither entered upon, nor did any act of pos-
session of the premises to which the declaration related, until
in the summer of 1886, when he cut and carried away all the
grass growing thereon, of the value of twelve dollars.

" The publication and notices recited in the said deed of Kim-
ball, collector, were made and given, and taxes assessed, to Frank
D. Pollard (as stated in said deed), then dead, but when living
a resident in Plaistow, N. H., but the death of said Frank
D. Pollard, when said taxes were so assessed, was not known
to the assessors of Rowley.   In said publication and notices re-
cited in said deed of Kimball to plaintiff, and in that deed,
the said premises to which the declaration related, known as
the ' Pollard lot,' were not accurately described, as to the boun-
daries and area thereof, so that the said premises as described
could be found.

" The heirs at law of said John Pollard entered upon and
took the products, or sold said products standing thereon, of
the premises to which the declaration related, after the death
of said John Pollard; said Frank D. Pollard on two successive
years selling the grass standing on said premises, for six dollars
per year, to said David O. Nelson, and divided the said products
or the proceeds thereof between them, but of the time when this
was last done there was no evidence.   Said John H. Pollard
sold his interest in said ' Pollard lot ' in the year 1880, or in the
year 1881, to one Moses Dow of Plaistow, N. H.

" Upon the facts found, and hereinbefore stated, the court
ruled that plaintiff was entitled to recover in this action, found
for the plaintiff, and assessed damages in the sum of twelve
dollars "; and the defendant alleged exceptions.

*J. P. Jones*, for the defendant.

No counsel appeared for the plaintiff.

FIELD, J. This case has been argued by the defendant only, and we are not certain that we understand the exceptions.

The exceptions recite that, in the tax deed, the premises "were not accurately described, as to the boundaries and area thereof, so that the said premises as described could be found." The description is as follows : " The whole of the following described real estate, the same being the land taxed as aforesaid, to wit, about four and one half acres of salt marsh at Plum Island, bounded westerly on the river, northerly on a creek, easterly on marsh occupied by John Rogers." This deed does not refer to the land as the Pollard lot, although it recites that the tax was assessed to " Frank D. Pollard, non-resident, as owner of the real estate in said Rowley which is hereinafter described." The boundaries of the Pollard lot on which the plaintiff entered are described in the exceptions " as being northerly by a creek, easterly by land of the late Little, southerly by land of the late Bailey, and westerly by land of Widow Coffin, and containing about six acres." Apparently the Pollard lot was a well-known parcel of land.

The deed to the defendant from Isaac H. Pollard and others, describes the lot as follows: " Commencing at the northeast corner at marsh of heirs of Edward Little, thence easterly by said Little's land to marsh of heirs of Bailey, thence southerly by said Bailey's land to marsh of Coffin, thence westerly by said Coffin's marsh to creek, thence northerly by creek to bound begun at, containing five acres, more or less, meaning to convey by this deed the lot of salt marsh known as the Pollard lot," etc.

We think that the tax deed is void for uncertainty in the description of the land conveyed, and it is unnecessary to consider other objections to the plaintiff's title. *Hill* v. *Mowry*, 6 Gray, 551.

The defendant claims title to an undivided part of the land under said deed from Isaac H. Pollard and others. Isaac H. Pollard was one of the heirs of John Pollard, who died intestate in 1847, and who received his title from Johnson Tenney by warranty deed, dated June 1, 1829. The heirs of John Pollard entered upon the land after his death. No defect in the defendant's title has been shown us. Even if we assume that the

possession acquired by the plaintiff was sufficient to enable him to maintain trespass against a stranger who had no title, he could not maintain trespass against the owner of the land, as he had not acquired title by disseisin. The defendant, as tenant in common with others, has the same right of possession against the plaintiff that a sole tenant would have.

*Exceptions sustained.*