MOSES WILLIAMS, JR., & another *vs.* JOHN W. BOWERS & others.

Norfolk.   December 12, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Tax,* Sale.

In a sale of land for non-payment of taxes, if the notice of the sale describes the property as the whole of one lot and parts of two other lots shown on a plan on file in the registry of deeds, but no boundaries or divisional proportions are given of the parts of the subdivided lots that are to be sold, and the plan fails to show any subdivision of these lots, the notice is bad and the sale is illegal, and no title can be acquired by a collector's deed given in pursuance of such sale.

WRIT OF ENTRY, brought in the Land Court under St. 1904, c. 448, dated August 11, 1905, for a certain parcel of land in Dedham, consisting of lot 6 and parts of lots 5 and 7 on a plan of Fairbanks Park in Plan Book 16 in the Norfolk registry of deeds.

The demandants claimed under a tax deed from the collector of taxes of the town of Dedham to them, dated January 21, 1903, given in pursuance of a sale on January 17, 1903, for non-payment of taxes assessed to one Fred H. Searles, a non-resident.

The collector's notice of the sale was as follows:

" The owners and occupants of the following described parcels of real estate in the Town of Dedham, County of Norfolk and Commonwealth of Massachusetts, are hereby notified that the taxes assessed for the year 1902 and to the persons specified according to the list committed to me as Collector of Taxes for said town, by the Assessors of Taxes, remain unpaid, and that said parcels of real estate or such undivided portions of them as may be necessary, will be offered for sale by public auction, at

the Assessors' Room in Memorial Hall in said Dedham," *inter alia*, " Fred H. Searles. About 5200 feet of land with the buildings thereon on Wentworth St., being lot No. 6 and parts of lots Nos. 5 and 7, block 14, on a plan of land at Fairbanks Park, recorded with Norfolk Deeds, Tax, $48.19."

In the Land Court the case was referred to an officer called a master, who filed a report, to which objections and exceptions were filed as in a suit in equity.

The only exceptions to the so called master's report which now are material are the following :

" Fifth. The tenants except to the finding and ruling of the master that the notice published substantially followed form 10, R. L. c. 13, § 87, whereas the master should have found and ruled that said notice did not substantially follow said form 10.

" Sixth. The tenants except to the finding and ruling of the master that the description of the locus was sufficiently particular; whereas the master should have found and ruled that said description of the locus was not sufficiently particular to make the sale which followed valid."

In the Land Court *Davis*, J., overruled these exceptions. He found for the demandants, and reported the case for determination by this court. If his decision was right, judgment was to be entered for the demandants ; otherwise, such disposition was to be made of the case as this court should direct.

*W. B. Orcutt*, for the tenants.

*R. D. Swaim*, for the demandants.

BRALEY, J. The right of the demandants to have the land registered depends upon the validity of their title, which is derived from a sale of the estate by the collector for non-payment of taxes. The first and eighth exceptions to the master's report having been waived below, while the second, third and fourth not having been argued, must be considered as waived here, and the seventh having been disposed of by the findings of fact, the case is before us on the remaining exceptions. These relate solely to the validity of the collector's notice of sale. By R. L. c. 13, § 38, " a substantially accurate description of the several rights, lots or divisions " of the land which is to be sold must be set forth, or the notice is invalid. The office of the notice is intended to inform the owner, whether taxed to

him or to an occupant, as well as the public generally, that his estate is to be sold. It should be sufficiently definite to enable him, and those who attend as prospective purchasers, to identify the premises, so that either he may prevent the sale by a payment of the tax, or, if a sale takes place, bidders will be attracted and compete for its purchase. The formalities of a technical survey are not required, nor will slight misdescriptions invalidate, yet the purpose of the statute plainly is, that, with the description as published in hand, the taxpayer and the bidder alike from its contents can substantially locate the land which it is proposed to sell. *Alvord* v. *Collin*, 20 Pick. 418, 431; *Farnum* v. *Buffum*, 4 Cush. 260, 266.

Under R. L. c. 13, § 41, although the collector was authorized to sell the whole, or such undivided portions of the estate as might be required to satisfy the tax with the costs of collection, yet the right to exercise this statutory power rested upon a strict compliance with the precedent condition of a sufficient notice. *Alexander* v. *Pitts*, 7 Cush. 503, 505.

After giving the estimated area, the property is described as consisting of the whole of one lot, and parts of two other lots, shown on a plan on file in the registry of deeds. But no boundaries or divisional proportions being given of the particular parts of the fractional lots, it is wholly impossible, using the description as a means of knowledge, to ascertain which portion the collector intended to sell. The plan, if considered as incorporated by reference, does not remove the uncertainty, for it wholly fails to show any division of these lots which apparently are delineated as originally surveyed. The defects caused by these omissions vitiated the notice, and the subsequent sale being illegal, the demandants acquired no title under the collector's deed. *Hill* v. *Mowry*, 6 Gray, 551. *Todd* v. *Lunt*, 148 Mass. 322. *Greene* v. *Lunt*, 58 Maine, 518. *Millett* v. *Mullen*, 95 Maine, 400. *Louisville & Nashville Railroad* v. *East St. Louis*, 134 Ill. 656. *Lake County* v. *Sulphur Bank Quicksilver Mining Co.* 66 Cal. 17.

It accordingly follows that the tenant's fifth and sixth exceptions must be sustained, and in accordance with the terms of the report the order must be

*Judgment for the tenants.*