Moses Williams, Jr., & another *vs.* Inhabitants of Dedham.

Suffolk.    November 18, 1910. — January 5, 1911.

Present : Knowlton, C. J., Morton, Loring, Sheldon, & Rugg, JJ.

*Municipal Corporations*, Liability to purchaser of defective tax title.  *Tax. Covenant.*

A purchaser at a tax sale made by the collector of taxes of a town cannot recover from the town the amount paid by him for his tax deed containing the warranty required by R. L. c. 13, § 43, upon showing that the title was defective by reason of an insufficient notice of the sale by the collector, unless such purchaser within two years after the date of the deed complied with the requirement of R. L. c. 13, § 44, by offering by a writing given to the collector to surrender and discharge his deed or to assign and transfer to the town all his right, title and interest in the premises.

Whether the liability to the purchaser at a tax sale, which is imposed on a town or city by R. L. c. 13, § 44, in case it appears that, by reason of an error, omission or informality in the assessment or the sale, the purchaser has no claim upon the property sold, properly may be considered a liability upon the warranty of the collector of taxes that the sale has in all particulars been conducted according to law, which is required by R. L. c. 13, § 43, to be inserted in all tax deeds, here was not passed upon, because, although the action was brought against a town on the warranty, no recovery was permitted on account of the plaintiff's failure to make the offer required by R. L. c. 13, § 44.

Contract against the town of Dedham upon a covenant of warranty contained in a deed of the collector of taxes of that town dated January 21, 1903, under the requirement of R. L. c. 13, § 43.  Writ dated May 21, 1908.

In the Superior Court the case was submitted to *King,* J., upon an agreed statement of facts, as follows:

On January 17, 1903, the tax collector of the town of Dedham sold the parcel of land described in the plaintiffs' declaration to the plaintiffs at a tax sale, and in pursuance of such tax sale executed and delivered the deed, of which a copy was annexed to the plaintiffs' declaration.

The consideration paid by the plaintiffs was as stated in the deed, $54.60, which was the amount of the tax properly assessed upon the property, plus interest and the costs of collection.

There was an alienation of the land in question on January 24, 1905.

The land was described in the notice of sale which the tax collector published preceding the sale, as set forth in the copy of the notice annexed to the plaintiffs' declaration.

The plaintiffs on August 11, 1905, brought proceedings to enforce their title to the land, and in those proceedings it was decided by the Supreme Judicial Court for the Commonwealth that the description in the notice of sale did not comply with the law and that the plaintiffs acquired no title to the land by the deed. See *Williams* v. *Bowers,* 197 Mass. 565.

The plaintiffs did not within two years after the date of the deed offer by writing given to the collector to surrender and discharge their deed or to assign and transfer to the town all their right, title and interest in the premises, nor did the collector within two years after the date of the deed give notice to the plaintiffs to release any interest which they might have in the land under said deed and to receive from the town the amount paid therefor with interest at ten per cent or to file with the collector a statement that they refused to release such interest.

The deed of the collector contained the covenant required by R. L. c. 13, § 43, that the sale had in all particulars been conducted according to law, and the action was brought upon that covenant.

The court was authorized to draw such inferences of fact as properly might be drawn from the foregoing agreed statement of facts.

The plaintiffs asked the judge to make the following rulings:

"1. In order to sue on the covenant of warranty it was not necessary for the plaintiffs within two years after the date of their deed to offer by writing given to the collector to surrender and discharge their deed or to assign and transfer to the town all their right, title and interest in the premises.

" 2. The town is liable on the covenant.

"3. On the facts stated in the agreed facts judgment should be for the plaintiffs for $54.60 and interest from January 17, 1903."

The judge ruled that there was a breach of the covenant, but refused to make any of the above rulings requested by the plaintiffs, and ruled, as requested by the defendant, that on all the agreed facts the plaintiffs could not recover, and that the plaintiffs, having failed to offer by a writing given to the collector to surrender and discharge their deed or to assign and transfer to the defendant all their right, title and interest in the premises within two years from the date of their deed, could not recover. He found as matter of law for the defendant on the agreed facts, drawing no inferences of fact therefrom.

The plaintiffs alleged exceptions.

The judge ordered judgment for the defendant. It did not appear that judgment was entered in accordance with this order, but it was stated in the record that the plaintiffs appealed.

*R. D. Swaim*, for the plaintiffs.

*J. H. Soliday*, for the defendant.

KNOWLTON, C. J. This is an action to recover from the defendant the amount paid by the plaintiffs for a tax deed of property described in the declaration, given by the collector of taxes of Dedham, it having been discovered that the title conveyed by the deed was defective by reason of an insufficient notice of the sale by the collector. The plaintiffs did not, within two years after the date of the deed, offer by writing given to the collector, to surrender and discharge their deed, or to assign and transfer to the town all their right, title and interest in the premises, as they might have done under the R. L. c. 13, § 44. The question is whether they can recover without having made such an offer.

It was held in *Lynde v. Melrose*, 10 Allen, 49, that, in the absence of a statute, a purchaser at a sale of real estate for taxes cannot recover from a city or town the amount paid, if

the title proves to be invalid by reason of defects or informalities in the proceedings. The court said: " He buys a title without warranty, except such covenants as he takes from the collector; and he must rely only upon them." These, in the form prescribed for a collector's deed, are the personal covenants of the collector, and not covenants of the town. The town is not liable by reason of them, except in the manner and to the extent declared by the statute.

The first act on this subject was St. 1862, c. 183, § 6, which required a collector to insert a covenant that the sale had " in all particulars been conducted according to the provisions of law." It is then provided that, if it should appear that by reason of any error, omission or informality in any of the proceedings of assessment or sale, the purchaser had no claim upon the property sold, he might surrender and discharge his deed, and receive back from the city or town the amount paid by him. This was similar to the present statute, except that no limit of time was stated for the surrender and discharge of the deed. By the St. of 1878, c. 266, § 1, this section was amended by adding a proviso that the purchaser should, within two years from the date of the deed, offer in writing to surrender and discharge the deed, or to assign and transfer to the town or city all his right, title and interest therein, as the collector should elect. This provision has been retained in all subsequent re-enactments. Pub. Sts. c. 12, § 39.    St. 1888, c. 390, §§ 43, 44.    R. L. c. 13, § 44.    St. 1909, c. 490, Part II. § 45.

These provisions of the statute create the only liability of a city or town for any defect in the title conveyed by the deed of a collector of taxes. The last sentence of the section is as follows: " No city or town and no treasurer or collector thereof shall pay or be liable for any amount due under the provisions of this section unless such statement is filed." R. L. c. 13, § 44. It is also said that the payment " shall be in full for all damages for any defects in the proceedings or under the warranty in such deed." Upon payment the collector is relieved from liability on his warranty, and the city or town is also relieved in like manner, so far as the liability of the municipality under these sections, or by implication under the R. L. c. 13, § 70, may be considered a liability upon the warranty.

In *Spring* v. *Cambridge,* 199 Mass. 1, is this language: " By the terms of the statute it is only ' upon such surrender (of the deed) and discharge or assignment and transfer ' that such a city or town is required to pay."

We are of opinion that the failure of the plaintiffs to avail themselves of their rights under this statute leaves them without a remedy against the town.

*Exceptions overruled ; judgment affirmed.*