MOSES WILLIAMS, JR., & another *vs.* MOSES E. BAKER.

Suffolk. March 28, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax,* Sale, remedy of purchaser. *Covenant. Collector of Taxes.*

The remedy against a city or town given by R. L. c. 13, § 44, to a purchaser at a tax sale, who finds that, by reason of an error, omission or informality in the assessment or the sale, he has no claim to the property purchased, is an exclusive one, of which he can avail himself only by offering in writing to the collector, within two years after the date of his deed, to surrender and discharge his deed or to assign and transfer to the city or town all his right, title and interest in the premises as the collector shall elect; and, where he has not made such an offer within the required time, he cannot maintain an action against the collector on the warranty, inserted in the deed under the requirement of R. L. c. 13, § 43, that the sale in all particulars was conducted according to law.

CONTRACT against the collector of taxes of the town of Dedham upon a covenant of the defendant contained in a deed to the plaintiffs of certain land in Dedham, purchased by them at a tax sale on January 17, 1903, warranting that the sale in all particulars had been conducted according to law. Writ dated June 26, 1908.

In *Williams* v. *Bowers,* 197 Mass. 565, the plaintiffs' title was held to be bad, and in *Williams* v. *Dedham,* 207 Mass. 412, it was decided that the plaintiffs could not recover against the town of Dedham upon the covenant of warranty now sued upon.

In the Superior Court the case was submitted to *Schofield,* J., upon an agreed statement of facts, as follows:

On January 17, 1903, the defendant, as the collector of taxes of the town of Dedham, sold the parcel of land described in the plaintiffs' declaration to the plaintiffs at a tax sale and in pursuance of the sale executed and delivered the deed, a copy of which was annexed to the plaintiffs' declaration.

The consideration paid by the plaintiffs was, as stated in the deed, $54.60, which was the amount of the tax properly assessed upon the property, with interest and the costs of collection.

It was agreed, subject to the objection of the defendant as to its admissibility in evidence, that the value of the land was

$2,950, and, subject to the objection of the plaintiffs as to its admissibility in evidence, that at the time of the sale the land was subject to a mortgage for $2,500, which was discharged on January 23, 1905, and that there was an alienation of the land in question on January 24, 1905.

The plaintiffs did not within two years after the date of the deed offer by writing given to the collector to surrender and discharge their deed or to assign and transfer to the town all their right, title and interest in the premises, nor did the collector within two years after the date of the deed give notice to the plaintiffs to release any interest which they might have in the land under the deed and to receive from the town the amount paid therefor with interest at ten per cent, or to file with the collector a statement that they refused to release such interest.

The deed of the defendant contained the covenant required by R. L. c. 13, § 43, now St. 1909, c. 490, Part II. § 44, that the sale had in all particulars been conducted according to law. This action was brought upon that covenant.

If the evidence as to the value of the land and as to the amount of the mortgage was admissible, and if the plaintiffs were entitled to recover, it was agreed that the finding should be for $2,950 and interest, or for $450 and interest, or for $54.60 with interest, according to the rule of damages adopted by the court.

The judge ruled that the defendant's covenant of warranty as collector of taxes was a personal covenant, for breach of which he was liable to the grantee; that the measure of damages was not the market value of the land, but was the amount of the consideration paid by the purchaser with interest at a reasonable rate, in view of the nature of the investment, which was of precarious duration owing to the right of redemption; that a reasonable return on it would be eight per cent per annum, following the analogy of the statutes fixing the rate to be paid by owners for redemption, and by cities and towns in case a purchaser takes nothing by his tax deed.

The judge found for the plaintiff and ordered judgment in the sum of $66.40. Each party excepted to the rulings against him. At the request of the defendant, and by consent of both parties, the judge reported the case for determination by this court. If

the rulings were right, judgment was to be entered as ordered; otherwise, the finding was to be set aside and such judgment was to be entered as law and justice required.

*R. D. Swaim*, for the plaintiffs.

*H. T. Richardson*, for the defendant.

BRALEY, J.  The defendant as tax collector of the town of Dedham sold certain real estate for non-payment of taxes, which was purchased by the plaintiffs, to whom he gave a deed with a covenant of warranty that the sale in all particulars had been conducted according to law.  But, the sale having been declared invalid in *Williams* v. *Bowers*, 197 Mass. 565, because of an insufficient description of the premises in the collector's notice of sale, the plaintiffs sue at common law for breach of the covenant. By the report under which the case is before us the questions for decision are, whether the action is well founded, and whether the damages are limited to the repayment of the consideration money with interest or are measured by the fair market value of the land to which the plaintiffs never acquired title.

We are of opinion that the action cannot be maintained.  If before the enactment of St. of 1862, c. 183, § 6, a collector of taxes chose to insert in addition to the statutory requirements of the conveyance, a covenant of seisin or of the right to convey, he might be held personally in damages for a breach.  St. 1785, c. 70, § 7.  Rev. Sts. c. 8, § 31.  St. 1848, c. 166, § 5.  Gen. Sts. c. 12, § 35.  *Bickford* v. *Page*, 2 Mass. 455.  *Sumner* v. *Williams*, 8 Mass. 162, 210.  *Lynde* v. *Melrose*, 10 Allen, 49.  But, as pointed out in *Williams* v. *Dedham*, 207 Mass. 412, the St. of 1862, c. 183, § 6, made an important change in our laws as to the form of the deed and the rights of a purchaser at an invalid sale.  The deed which the collector was required to execute and deliver under Gen. Sts. c. 12, § 35, was thereafter to have "inserted a special warranty that the sale has in all particulars been conducted according to the provisions of law."  If subsequently it appeared that by reason of errors or informality in any of the proceedings of assessment or sale, " the purchaser has no claim to the property sold," then, upon his surrender of the deed, the town or city was required to repay to him the amount paid, "which shall be in full satisfaction of all claims for damages for any defect in the proceedings."  By re-enactments as amended by the St. of 1878,

c. 266, § 1, limiting the time in which the right could be exercised to two years from the date of the deed, and providing that at the election of the collector the purchaser should offer in writing either to surrender and discharge the deed " or to assign and transfer to the town or city all his right, title and interest therein," this provision became R. L. c. 13, § 44,* in force when the sale and conveyance in question were made. If the plaintiff's contention is sound, the remedy against the town is merely cumulative, or alternative, and the defendant remains liable on a covenant which the law required him to insert, or the conveyance would have been invalid. R. L. c. 13, §§ 44, 87. A collector of taxes, however, is obliged to accept the office, or subject himself to a fine. R. L. c. 25, § 97. And sales of land for the non-payment of taxes are authorized in the interest and for the benefit of the public. If the Legislature in making the changes intended to impose a personal liability on a public officer by requiring the special covenant, the collector would have been left to perform the duties of his office under the penalty of a liability if the error avoiding the sale arose not through any fault of his own, but from a mistake or some informality of the assessors, which he might not discover before the sale and delivery of the deed, and there would have been no occasion to have gone further, by providing for repayment by the city or town or conferring a right upon the purchaser, which before the statute he did not possess. But, if the legislative purpose is fairly to be gathered from the St. of 1862, c. 183, § 6, that the provision was intended to provide an inexpensive but ample remedy where the land could not be held, R. L. c. 13, § 44, removes all doubt. It is there declared that the payment "shall be in full for all damages," not only " for any defects in the proceedings," but " under the warranty in such deed." The " warranty " is a statutory covenant of the defendant, not of the town, against which the plaintiffs are without recourse, as their remedy under the statute was held in *Williams* v. *Dedham*, 207 Mass. 412, 415, to have been lost by their failure to act within the period of limitation. It, moreover, would be anomalous to construe the statute as intended to give a remedy against the town if in-

---

* Now St. 1909, c. 490, Part II. § 45.

voked within two years, while the defendant could be sued at any time within twenty years from the date of the deed. R. L. c. 202, § 1. *Bickford* v. *Page*, 2 Mass. 455. *Clark* v. *Swift*, 3 Met. 390. By the construction adopted, the language of the statute is given its ordinary and obvious meaning. If the purchaser finds within the time prescribed that he cannot hold the land or that there are reasonable grounds to believe that the tax title is fatally defective because of non-compliance with the statutory requirements either preceding or attendant upon the sale, he need not expose himself to vexatious litigation, but can surrender the deed and receive back the purchase price. But, if he neglects seasonably to institute the necessary proceedings, there is no obligation on the part of the city or town or the collector to reimburse him for the loss. The relief provided being fully adequate, it should be held to be exclusive, and, under the reservation in the report, judgment is to be entered for the defendant. *Hodges* v. *Thayer*, 110 Mass. 286. *Staples* v. *Dean*, 114 Mass. 125. *Welch* v. *Boston*, 208 Mass. 326.

*So ordered.*