## HARRY C. BYRNE *vs.* INHABITANTS OF SHARON.

Suffolk.    December 12, 1924. — February 27, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Tax*, Sale: reimbursement of purchaser where sale invalid.    *Words*, "Date of the deed."

St. 1909, c. 490, Part II, § 45, as amended by St. 1912, c. 390, providing that the purchaser of an invalid tax title "may within six months after the date of the deed, offer by writing given to the collector, to surrender and discharge his deed or to assign" to the municipality his title in the premises, and that, upon such surrender and discharge or assignment, he should be reimbursed what he paid with interest, is a plain declaration that a right to have the relief is dependent upon the full performance of all acts required by the statute to be done by the purchaser; and the execution of the terms of the statute is a condition precedent to the acquisition of the right.

The words, "date of the deed," in the statute above described are intended to fix an exact immovable datum from which the beginning and the end of a specified time may be indisputably ascertained by all interested persons; and are not intended to mark a point in time which becomes certain only through reference to a time when the deed became effective by a delivery with intent to pass title.

A deed of real estate purchased at a tax sale was dated October 15, was acknowledged on October 17, and was recorded on November 5. By a letter to the collector of taxes dated the next April 15 and received by the collector on April 16 or 17, the purchaser offered to surrender and discharge his deed or assign and transfer his title as the collector might elect. The reimbursement provided by St. 1909, c. 490, Part II, § 45, as amended by St. 1912, c. 390, was refused and the purchaser brought an action therefor which was heard by a judge without a jury, who found for the defendant. *Held*, that

(1) The time from which to calculate the six months within which the offer required by the statute must be given was October 15, the date of the deed;

(2) A finding was warranted that the offer required by the statute was not given to the collector nor filed within six months from the date of the deed;

(3) As matter of law a finding for the defendant was required.

CONTRACT, under St. 1909, c. 490, Part II, § 45, as amended by St. 1912, c. 390, seeking reimbursement for money paid to the defendant's collector of taxes for an invalid tax deed. Writ dated March 30, 1923.

In the Superior Court, the suit was heard by *Keating,* J., without a jury. Material evidence, requests by the parties for rulings, action by the judge thereon, and exceptions by the parties are described in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

In this court, the counsel for the plaintiff, among other contentions, argued that "It is the act of offering, by the purchaser, that is required by the statute to be within the six months"; that the plaintiff's "offer" was made on April 15, 1915, "just six months after the date the deed purports to be signed," although it may not have been received by the collector of taxes until April 16 or 17; and also that the words in the statute, "within six months after the date of the deed," meant and were "intended by the Legislature to mean that the purchaser should have six months after the real date of the deed, i.e., the date when it was signed, sealed and delivered to him, in which he might make his offer" to the collector, which, in the present case, would not require an earlier date for the "offer" than six months after October 17, 1914, the date of the acknowledgment of the deed.

*C. F. Choate, 3d,* for the plaintiff.

*E. C. Park,* for the defendant.

PIERCE, J. This is an action brought under St. 1909, c. 490, Part II, § 45, as amended by St. 1912, c. 390, to recover, as purchaser, the amount paid by the plaintiff to the defendant for twenty-nine tax title deeds, and interest.

The plaintiff, in September, October and November, 1914, at a tax sale for the collection of unpaid taxes assessed on the land of John and Mary A. O'Brien, purchased of the defendant the several parcels of land described in paragraphs numbered "1" to "10" inclusive of count 1 of the declaration, and received twenty-nine tax title deeds thereof, each dated October 15, 1914. They were acknowledged by the tax collector on October 17, 1914, and were recorded in the registry of deeds November 5, 1914. It was agreed by the defendant that the tax titles were declared invalid and the titles which stood in the name of the purchaser, Harry C. Byrne, were declared to be void by reason of errors, omis-

sions and informalities in the assessments and sales, by a decision of the Land Court rendered November 19, 1917.

It appeared by admissions of the defendant and by uncontradicted evidence that the defendant, on April 16 or 17, 1915, received a notice purporting to be signed by Harry C. Byrne, dated "15 April, 1915," to the effect that the tax deeds dated October 15, 1914, were invalid by reason of errors, omissions and informalities in the assessments and sales, for nine specified reasons. The notice contained the further declaration, in substance, that Harry C. Byrne offered to surrender and discharge the said twenty-nine deeds, or to assign and transfer to the town of Sharon all his right, title and interest in and to the described premises as the collector of taxes for the town of Sharon should elect. It was conceded by the defendant that the town of Sharon had refused to return the purchase money or pay the plaintiff any part thereof.

A judge of the Superior Court heard the case without a jury, and at the close of the evidence refused to rule, as requested by the plaintiff, that

"1. Upon all the law and the evidence the plaintiff is entitled to recover the amount of his declaration.

"2. The notice sent by the plaintiff upon April 15, 1915, was due and sufficient notice under Chapter 390 of the Acts of 1912.

"3. The date 'April 15, 1915,' on the notice sent by the plaintiff to the defendant is evidence that the plaintiff offered by writing given to the collector within six months after the date of the deed to surrender and discharge his deed or to assign and transfer to the town all his right, title and interest in the premises, and if such evidence is unrebutted is conclusive that the notice was given seasonably under the statute.

"4. Chapter 260, § 2, of the General Laws (Statute of Limitations) does not apply to the present action of the plaintiff against the defendant.

"5. The Statute of Limitations did not begin to run until it had appeared that by reason of error, omission or informality in the assignment or sale the plaintiff had no claim upon the property sold.

"6. Under Chapter 390, Acts of 1912, the Statute of Limitations does not begin to run until the purchaser has surrendered and discharged his deed or assigned and transferred to the town all his right, title and interest in the premises.

"7. Under Chapter 390, Acts of 1912, the Statute of Limitations does not begin to run until demand for payment has been made upon the city or town and such payment has been refused by the city or town.

"8. If the notice under the Statute is made and dated within the six months required by the Statute, such a notice is sufficient as far as time is concerned."

The judge ruled, as requested by the defendant, that

"3. Chapter 390 of the Acts of 1912 furnished the exclusive remedy for the recovery of money paid to a town for tax deeds which proved to be invalid.

"4. The burden is on the plaintiff to show compliance with the requirements of Chapter 390 of the Acts of 1912.

"5. No action can lie against the Town upon an agreement express or implied (except as implied under the terms of Chapter 390 of the Acts of 1912) that if the tax deeds should be proved to be invalid after a sale, the money paid for them should be returned by the Town to the purchaser.

"6. Upon all the evidence the plaintiff did not, within six months after the date of the deed, offer by writing given to the Collector to surrender and discharge his deeds or to assign and transfer to the Town all his right, title and interest in the premises.

"7. The offer in writing is not given to the Collector until it reaches him.

"8. Upon all the evidence the finding should be for the defendants.

"9. The alleged notice does not comply with the requirements of c. 390 of the Acts of 1912."

The plaintiff duly excepted to the court's refusal to find for the plaintiff, "to its refusal to grant his rulings numbered 1 through 8," and "to its allowance of the defendant's requests for rulings numbered 3 through 9."

Prior to the enactment of St. 1862, c. 183, § 6, a purchaser of a tax title which subsequently proved invalid, by reason

of any error, omission or informality in any of the proceedings for assessment and sale, had no remedy against the city or town. *Lynde* v. *Melrose,* 10 Allen, 49. *Williams* v. *Dedham,* 207 Mass. 412. St. 1862, c. 183, gave to such a purchaser a right to receive back the money paid upon the surrender and discharge of his deed, without limitation as to time. St. 1878, c. 266, and all subsequent related statutes down to St. 1912, c. 390, have continued such right, but subject to a proviso or condition that the purchaser so circumstanced should within two years from the "date of the deed" offer in writing to surrender and discharge his deed or to assign and transfer to the town all his right, title and interest therein as the collector shall elect. These statutes provide that the offer shall "contain a specific statement of the reason why the holder has no claim on the land sold, with the evidence upon which he relies;" and the further provision that "No city or town and no treasurer or collector thereof shall pay or be liable for any amount due under the provisions of this section unless such statement is filed."

The statute is a plain declaration that a right to have the relief is dependent upon the full performance of all acts required by the statute to be done by the purchaser; and that the execution of the terms of the statute is a condition precedent to the acquisition of the right. *Williams* v. *Baker,* 209 Mass. 92. St. 1912, c. 390, gives further emphasis to the importance of the limitation of time within which the offer and the statement of reasons may be given and filed, reducing the time for such action from two years to six months from the date of the deed. The words "date of the deed" as used in the statute are intended to fix an exact immovable datum from which the beginning and the end of a specified time may be indisputably ascertained by all interested persons; and are not intended to mark a point in time which becomes certain only through reference to a time when the deed became effective by a delivery with intent to pass title.

The judge was warranted in finding as he presumably did on the undisputed evidence of the collector of taxes, that the offer and the statement of reason therein was not given

to the collector nor filed within six months from the date of the deed. It follows that the condition of the right was not performed by the purchaser; that the finding for the defendant was right and was required by law to be made. It further follows that the exceptions of the plaintiff must be overruled.

*Exceptions overruled.*