ANNE M. MACY, trustee, vs. INHABITANTS OF NANTUCKET & another.

Suffolk.    November 22. — 29, 1876.    AMES & DEVENS, JJ., absent.

A trustee under a will cannot maintain a bill in equity against two towns, to determine in which he is liable to be taxed.

BILL IN EQUITY, in the nature of a bill of interpleader, against the town of Nantucket and the city of Boston, alleging that the plaintiff was, on May 1, 1875, trustee under the will of Selina Herring, late of Boston, deceased, to hold the estate as an accumulating fund until the decease of Thomas J. Herring, son of the testatrix, and upon his decease to divide the same among the grandchildren of the testatrix; that the plaintiff was a resident of Nantucket on that day, and that Thomas J. Herring was a resident of Boston; and that taxes had been assessed upon the personal estate of the trust fund, and were about to be collected both in Nantucket and in Boston; and praying that the two defendants might interplead together touching their right to the said taxes, and that it might be ascertained to which of them the taxes ought to be paid, and that the plaintiff might pay the same into court, and for further relief.

The city of Boston filed a demurrer to the bill, on the ground that the plaintiff had a plain, adequate and complete remedy at law. *Ames*, J., sustained the demurrer; and the plaintiff appealed.

*J. P. Healy & H. W. Putnam*, for the city of Boston.

*G. A. King*, for the plaintiff.

GRAY, C. J.    By the law of this Commonwealth, the prompt and unembarrassed collection of taxes is deemed to be so necessary for the support of the government, that the collection of taxes on personal property is enforced by distress or imprisonment, and in no other manner, except in the peculiar cases in which the collector is allowed to maintain an action for them, such as where the person taxed removes from the town, or dies, or being an unmarried woman, marries, after the assessment of the tax, or where the tax is upon the personal estate of a deceased person.    Gen. Sts. c. 12. §§ 3, 4, 7, 13, 18–20.    *Crapo* v.

*Stetson*, 8 Met. 393. The remedy of a person illegally taxed is by paying the amount, and suing the town or city to recover it back; and this court, sitting in equity, has no jurisdiction to determine whether or to whom it is due, or to restrain its collection. *Loud* v. *Charlestown*, 99 Mass. 208. *Norton* v. *Boston*, 119 Mass. 194. This bill cannot therefore be maintained.

In *Hardy* v. *Yarmouth*, 6 Allen, 277, in which the court, on a similar bill, expressed an opinion upon the merits of the case, no question of jurisdiction was raised or considered.

*Bill dismissed.*