FRANCIS C. WELCH & others, executors & trustees, *vs.* CITY
OF BOSTON & others.

Suffolk.    January 24, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* Interpleader, Multiplicity of interests, Taxes illegally assessed, Sub-
mission to jurisdiction.    *Tax,* Assessment.    *Municipal Corporations.*

Even if exclusive remedies had not been given by statute for contesting the
amount and determining the validity of taxes, a bill of interpleader would not
lie to determine whether personal property belonging to the estate of a testator
was assessable for taxation in the hands of the executors of his will in the city
of his domicil or whether it had passed to the trustees under the will and was
assessable in another city and two towns, where different beneficiaries lived
and where a tax upon their respective interests in the property had been
assessed.

Even if exclusive remedies had not been given by statute for contesting the
amount and determining the validity of taxes, it is at least very doubtful
whether a bill in equity could be maintained under R. L. c. 159, § 3, cl. 3, on
the ground of multiplicity of interests which cannot be justly and definitely
decided and adjusted in one action at law, to determine whether personal prop-
erty belonging to the estate of a testator was assessable for taxation in the
hands of the executors of his will in the city of his domicil, or whether it had
passed to the trustees under the will and was assessable in another city and two
towns, where different beneficiaries lived.

In this Commonwealth, where the remedies given by statute for contesting the
amount and determining the validity of taxes are exclusive, equity will not
interfere to determine the validity of a tax.

The assessors of a city or town have no authority to consent in behalf of the city
or town to proceedings in a court of equity to determine the validity of a tax.
Nor has the collector of taxes of a city or town such authority.

Even if the inhabitants of a town or the city council of a city should attempt by a
vote in regular form to consent to proceedings in a court of equity to determine
the validity of a tax assessed by the assessors of the town or city, *it seems* that
such action could have no effect, because there can be no waiver in behalf of
the public except by legislative authority.    Expression of opinion in *Forest
River Lead Co.* v. *Salem,* 165 Mass. 193, 202, explained.

KNOWLTON, C. J.    The plaintiffs, as executors of the will of
Quincy A. Shaw, have been taxed by the assessors of the city of
Boston for a large amount of personal property belonging to his
estate.    They contend that, before the time for the assessment
of this tax, the property had passed to themselves as trustees,
and was therefore not taxable in Boston.    If they are right in

this contention, they have a perfect remedy by paying the tax and suing the city and collecting it back. It appears that, as trustees under this will, they have also been taxed for portions of this property in the city of Beverly and the towns of Brookline and Milton, where different beneficiaries under the trust reside, and where it is taxable, if it was legally transferred from the executors to the trustees, and notices thereof given to the assessors, in accordance with the requirements of the law. The plaintiffs have brought a bill * which is referred to as a bill of interpleader, and have made these four municipalities, and the assessors and tax collector of each of them, parties, seeking to compel them to come in and interplead, and thus to try the validity of the several assessments made upon the property. The first question is whether the court has jurisdiction of the case.

This is not strictly a bill of interpleader, and, apart from considerations relative to the statutes providing for the assessment and collection of taxes, to which we shall refer hereafter, it is plain that it cannot be maintained as such. It is not a case to settle the right to certain property which is brought into court. The claim of each of the defendants is entirely independent of that of each of the others. There is no privity between them, or between either of them and the plaintiffs. It is not a case in which the plaintiffs are free from interest in the controversy; for the rate of taxation differs greatly in the different places, and it is for the interest of the plaintiffs, or of those whom they represent, that some of the defendants should prevail rather than that some others of them should prevail. No property is brought into court to be contended for by the different defendants. The plaintiffs ask the court to determine the truth as to certain facts which are in dispute between the parties, and upon the existence of which the legal rights of some of the parties, in the performance of their official duties, depended when they assumed to perform these duties. The suit cannot be maintained as a bill of interpleader. *Third National Bank of Boston* v. *Skillings Lumber Co.* 132 Mass. 410. *Fairbanks* v. *Belknap*, 135

* Filed in the Supreme Judicial Court on December 9, 1910. The case came on to be heard before *Braley*, J., who, at the request of the parties, reserved it for determination by the full court.

Mass. 179, 184. *Salisbury Mills* v. *Townsend*, 109 Mass. 115. *Northwestern Mutual Life Ins. Co.* v. *Kidder*, 162 Ind. 382. *Maxwell* v. *Frazier*, 52 Ore. 183.

It is at least very doubtful whether, apart from considerations to, which we have already referred, the bill could be maintained as a bill in the nature of a bill of interpleader, under the R. L. c. 159, § 3, cl. 3. See cases above cited.

But these considerations arising from the laws in regard to the raising of money by taxation are conclusive. We have an elaborate statutory system covering this subject, the purpose of which is to assure a prompt collection of revenue for the government, in its different departments and subdivisions. Remedies are provided for those who are compelled to pay taxes illegally assessed, which are direct and adequate. For this reason it has been decided many times, in this Commonwealth, that equity will not interfere to determine the validity of a tax, but will leave the machinery of government to move precisely as it was intended to move by the framers of the laws in regard to the assessment and collection of taxes. *Brewer* v. *Springfield*, 97 Mass. 152. *Loud* v. *Charlestown*, 99 Mass. 208. *Hunnewell* v. *Charlestown*, 106 Mass. 350. *Norton* v. *Boston*, 119 Mass. 194, 195. The rule has been reaffirmed recently. *Webber Lumber Co.* v. *Shaw*, 189 Mass. 366. *Greenhood* v. *MacDonald*, 183 Mass. 342. The doctrine was applied to a case identical with the one at bar, in all its material facts. *Macy* v. *Nantucket*, 121 Mass. 351. That this case rightly states the law of this Commonwealth has never been questioned. The cases in New York are under a statutory system which is materially different from that of Massachusetts. It is held there that assessors are liable to a suit for damages for assessing a tax against one upon whom they have no right to make an assessment. *Dorn* v. *Fox*, 61 N. Y. 264. *Dorn* v. *Backer*, 61 N. Y. 261. *Mohawk & Hudson Railroad* v. *Clute*, 4 Paige, 384. *Thomson* v. *Ebbets*, Hopk. Ch. 272. On the question before us these decisions are at variance with our own.

The only remaining question is whether we have jurisdiction from the fact that none of the defendants has objected to the jurisdiction. This is a matter affecting the public interest. The considerations which have moved this court to decline to interfere with the collection of a tax assessed by the proper officers

have been considerations of public policy, adopted, and impliedly declared, by the Legislature, in the statutes relative to the taxation of property. The assessors of each of the cities and towns have been brought before the court as defendants in this case. Their duties are prescribed, and when they havĕ assessed the taxes and issued their warrant to the collector they have no power to do anything that shall interfere with the collection of the taxes. They cannot consent to proceedings in a court of equity, to determine the validity of the action that they have taken officially under their oaths. They are a board of public officers who act under the authority of the statutes. It is no part of their duty to represent the people in a suit of this kind.

The same is equally true of the collector of taxes. When his warrant is committed to him by the assessors, he is to do that which the law has prescribed for him, namely, he is to collect the taxes, and all of them, so far as possible. He has no more power than a member of the school committee to waive anything, or to consent to anything that shall put in question the validity of the tax before a court of equity.

It could not be contended that attorneys representing any of these defendants would have such power, by virtue of their ordinary relations to their clients or the courts. There is nothing before us to indicate that either of these municipalities has taken any special action, by vote of the inhabitants of the town, or of the representative government of the city, to suspend the collection of the taxes and submit these questions to a court of equity. We infer from the course of the proceedings that the action or inaction, touching this subject, has been that of certain city or town officers, none of whom has authority to consent to the interruption of the statutory proceedings for the assessment and collection of taxes.

But even if the inhabitants of a town or the city council of a city should attempt to do this, we are of opinion that they would be without authority thus to set aside the statutes. They are not like the proprietors of private property who may do with it what they will. The voters of a town, assembled in town meeting, are only a part of the machinery of the government authorized by the statutes to do certain things. Most of the public

officers created by the Legislature are as independent in their respective spheres as is the town meeting in its sphere.   By what authority, under our statutes, can the voters of a town undertake to undo the work of the assessors, as public officers, by submitting a tax which they have assessed to the consideration of a court of equity to determine its validity?   The statutes have prescribed the method for determining this, namely, by proceeding to collect the tax, and trying the question upon an action to recover it back.   The Legislature has left the voters of the town with no jurisdiction or authority in this respect.   The public are interested in the collection of the tax, that the money may be expended for public uses, in accordance with the appropriations.   The town meeting is given no jurisdiction to interfere with the rights of the public in this particular.

The same considerations apply to such an attempt to interfere with the performance of the duties of the tax collector, who is an independent officer.   The statute tells him to collect the tax. The town meeting has no right to tell him not to collect it.

Moreover, his collection of the tax is not merely to meet the necessary expenditures of the town and its appropriations, but a State and a county tax are included in each annual assessment. If it were possible for a city or town to waive the collection of so much of the tax as was ordered for the public uses in its charge, it could not waive the collection of the State or county tax, and interrupt the collector in the performance of his duty, until he should await the result of litigation in equity.

In *Forest River Lead Co.* v. *Salem*, 165 Mass. 193, where there had been a very long and expensive hearing before a master, and the question of jurisdiction was not raised until the case was under consideration by this court, all parties wished to have the merits decided, and we " expressed our opinion " and made a decree without hearing argument upon the question of jurisdiction, and without a careful consideration of the question.   The court assumed that " reasons of policy in favor of the prompt collection of taxes . . . may be waived by the parties interested." This is true.   But the parties interested are the whole public. The Legislature represented the public in the enactment of our laws on this subject.   The Legislature has not given to any board of public officers or to any city or town the right to rep-

resent the public in this particular.    There can be no waiver in the interest of the public, except by legislative authority.

*Bill dismissed.*

*T. M. Babson*, for the city of Boston.

*F. Rackemann*, for the town of Milton and others.

*W. H. White*, for the town of Brookline.

*G. W. Anderson*, (*A. E. Lunt* with him,) for the city of Beverly.