WILLIAM J. MALEY, guardian, *vs.* TOWN OF FAIRHAVEN & others.

Bristol. May 12, 1932. — June 29, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Equity Jurisdiction,* To enjoin assessment of tax, Adequate remedy at law. *Equity Pleading and Practice,* Waiver of defence. *Tax,* Abatement. *Jurisdiction.*

Consent or waiver by parties cannot confer jurisdiction over a cause not vested by law in the court where it is pending.

Equity has no jurisdiction of a suit by the guardian of an incompetent insane person, who is a permanently and totally disabled veteran of the Great War, against a town, its board of assessors, and its tax collector to enjoin, as rendered illegal under 43 U. S. Sts. at Large, Part I, 613, § 22, the assessment and collection of a tax upon certain real estate which the plaintiff, under authority of a probate court, had purchased with a portion of money received as the proceeds of a judgment against the United States under a war risk insurance contract, ample relief being afforded by the statutes of the Commonwealth as to abatement of taxes.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Bristol on December 11, 1931, and described in the opinion.

The suit was reserved by *Sanderson,* J., for determination by the full court.

*L. M. Harlow,* (*B. B. Mulligan & T. C. Quinn* with him,) for the plaintiff.

*A. Sherman,* (*W. R. Freitas* with him,) for the defendants.

RUGG, C.J. This suit has been reserved for the determination of the full court upon the petition, answer and agreed statement of facts. The plaintiff is the guardian of an incompetent insane person who is a permanently and totally disabled veteran of the Great War. The guardian recovered judgment against the United States under a war risk insurance contract. He petitioned the Probate Court for authority to invest a part of the money thus received on behalf of his ward in certain real estate in the defendant town. After notice to the department of mental diseases and with the assent of the United States Veterans' Bureau, and after hearing, a decree was entered authorizing such investment. In December, 1930, the real estate was purchased and paid for in full from the funds of the ward so received. The defendant assessors assessed this real estate for taxes for the year 1931 and delivered a tax warrant for the collection of the same to the defendant tax collector. The defendant assessors have also refused to abate the taxes so assessed and the defendant tax collector has refused to desist from attempting to collect the taxes. The plaintiff contends that the real estate is exempt from taxation under the "World War Veterans' Act, 1924," so called, Act of June 7, 1924, c. 320, § 22, 43 U. S. Sts. at Large, Part 1, 613, which, so far as material, reads as follows: "That the compensation, insurance, and maintenance and support allowance payable under Titles II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Titles II, III, or IV; and shall be exempt from all taxation."

This is a suit in equity in which the town, the board of

assessors, and the tax collector are joined as parties defendant. The prayers of the bill are that the assessors and their successors in office and the town be restrained and enjoined from assessing any tax upon the real estate described in the bill, that the assessors be directed to abate the assessment already made, and that the collector of taxes be enjoined from collecting taxes upon the real estate described in the bill.

The single answer filed in behalf of all the defendants admits the allegations of fact set out in the bill.

It has frequently been held that ordinarily a defendant in a suit in equity, by answering to the merits or proceeding to trial, waives the defence of want of equity. *Driscoll* v. *Smith,* 184 Mass. 221, 223. *Bauer* v. *International Waste Co.* 201 Mass. 197, 201. *Baskes* v. *Cushing,* 270 Mass. 230, 232. *Nelson* v. *Belmont,* 274 Mass. 35, 39.

It is, nevertheless, the duty of the court to consider of its own motion whether it has jurisdiction of the subject matter set out in the bill. Consent or waiver by parties cannot confer jurisdiction over a cause not vested in the court by law. *Eaton* v. *Eaton,* 233 Mass. 351, 364, and cases cited. *New England Home for Deaf Mutes* v. *Leader Filling Stations Corp.* 276 Mass. 153. *West Boylston Manuf. Co.* v. *Board of Assessors,* 277 Mass. 180. *Exporters of Manufacturers' Products, Inc.* v. *Butterworth-Judson Co.* 258 U. S. 365. *Railway Co.* v. *Ramsey,* 22 Wall. 322, 327.

The jurisdiction of a court of equity to try the validity of assessments upon property was considered in *Welch* v. *Boston,* 208 Mass. 326, and discussed by Chief Justice Knowlton speaking for the court with his usual thoroughness and conclusiveness. It was there said at pages 328, 329: "We have an elaborate statutory system covering this subject [the raising of money by taxation], the purpose of which is to assure a prompt collection of revenue for the government, in its different departments and subdivisions. Remedies are provided for those who are compelled to pay taxes illegally assessed, which are direct and adequate. For this reason it has been decided many times, in this Commonwealth, that equity will not interfere to determine the validity of a tax,

but will leave the machinery of government to move precisely as it was intended to move by the framers of the laws in regard to the assessment and collection of taxes. . . . The only remaining question is whether we have jurisdiction from the fact that none of the defendants has objected to the jurisdiction. This is a matter affecting the public interest. The considerations which have moved this court to decline to interfere with the collection of a tax assessed by the proper officers have been considerations of public policy, adopted, and impliedly declared, by the Legislature, in the statutes relative to the taxation of property. The assessors . . . have been brought before the court as defendants in this case. Their duties are prescribed, and when they have assessed the taxes and issued their warrant to the collector they have no power to do anything that shall interfere with the collection of the taxes. They cannot consent to proceedings in a court of equity, to determine the validity of the action that they have taken officially under their oaths . . . . The same is equally true of the collector of taxes. When his warrant is committed to him by the assessors, he is to do that which the law has prescribed for him, namely, he is to collect the taxes, and all of them, so far as possible." It was further held that the town in its corporate capacity had no more power in these particulars than the assessors or collector of taxes. The expression of opinion to the contrary in *Forest River Lead Co.* v. *Salem,* 165 Mass. 193, 202, was in substance and effect overruled for the reason that, the collection of taxes being a matter in which the whole public is interested, the only body competent to assent to jurisdiction in the interests of the public is the General Court. To the same point is *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279, 282–283. *Matthews* v. *Rodgers,* 284 U. S. 521. Even if the rule be adopted that, where the plaintiff in a suit in equity "shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector," *Miller* v. *Standard Nut Margarine Co. of Florida,* 284 U. S. 498, at page 509,

the plaintiff cannot get on because no such circumstances are shown in the case at bar. It is the ordinary case where it is contended that taxes have been assessed contrary to law. The statutes of the Commonwealth as to abatement afford ample relief to an aggrieved taxpayer. G. L. c. 59, §§ 59-71, as amended. St. 1930, c. 416. St. 1931, c. 218. *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 498. *Central National Bank* v. *Lynn*, 259 Mass. 1, 6, 7. *West Boylston Manuf. Co.* v. *Board of Assessors*, 277 Mass. 180. *Gorham Manuf. Co.* v. *State Tax Commission of New York*, 266 U. S. 265, 269-270. *Burrill* v. *Locomobile Co.* 258 U. S. 34. *Long* v. *Norman*, 289 Fed. Rep. 5, 9.

A decree must be entered dismissing the bill for want of jurisdiction.

*Ordered accordingly.*