J. Otis Sibley, trustee, *vs.* Jessie Livermore & others.

Worcester.    March 9, 1955. — June 28, 1955.

Present: Qua, C.J., Ronan, Spalding, Williams, & Counihan, JJ.

*Devise and Legacy,* Remainder, Residue, Preferred legacy, Taxes, Inter-
est on legacy. *Probate Court,* Parties, Suit for instructions. *Equity
Pleading and Practice,* Parties, Suit for instructions. *Executor and
Administrator,* Interest on legacy. *Interest. Equity Jurisdiction,*
Instructions, Tax. *Words,* "Divided," "Distributed."

Under a will establishing a trust and directing that at the death of the
life beneficiary the trust fund should "be divided in accordance with
the residuary clause," which disposed of the residue "including all
reversions and remainders," the trust fund on the death of the life
beneficiary did not become payable to the legatees named in the resid-
uary clause as designated remaindermen but must be treated as part of
the residue and must be applied to satisfy existing deficiencies in
pecuniary legacies in priority to payment to the residuary legatees.
[735]

On a petition for instructions by one as trustee under a will of which he
was also executor, the court could not give binding instructions re-
specting his duties as executor unless he became a party to the pro-
ceeding in that capacity also.  [736]

Upon a fund constituting part of the residue of a testator's estate becom-
ing available to the executor for the payment of deficiencies in pecu-
niary legacies existing because available assets of the estate had been
originally insufficient to pay them in full, the fund should be applied,
first, to pay unpaid balances of the principal of certain legacies directed
to be "satisfied in full before the others are paid," less Massachusetts
inheritance taxes; second, to pay the interest on such balances; third,
to pay the principal of the nonpreferred legacies, less Massachusetts
inheritance taxes; fourth, to pay the interest on the nonpreferred
legacies; fifth, to pay without priority the amounts deducted from
preferred and nonpreferred legacies for Massachusetts inheritance
taxes in accordance with a direction in the will to the executor to pay
such taxes "from the funds in his hands, included within the residue";
and last, to pay the residuary legacies.  [736–737]

In the absence of contrary provisions in a will, legatees of pecuniary be-
quests directed to be paid "in full" but deferred in payment in whole
or in part for many years after the testator's death because of original
insufficiency of the available assets of the estate, were entitled, upon
payment of the unpaid principal amounts from funds which had ulti-
mately become available, to payment also of interest on such principal

amounts computed at the rate of four per cent from the date one year after the death of the testator.  [736]

The court had no jurisdiction in a proceeding for instructions by a trustee under a will to instruct him as to the proper determination of the income tax upon capital gains of his trust.  [737]

PETITION for instructions, filed in the Probate Court for the county of Worcester on June 10, 1954.

The case was reserved and reported by *Wahlstrom, J.,* for determination by this court.

*Irene Gowetz,* stated the case.

*Frank W. Grinnell,* for Massachusetts Historical Society.

*Richard W. Mirick,* for Willard A. Saunders.

*Alfred N. Whiting,* for Amy Place Knight Bruchette and another.

*James S. Gratton,* for J. Otis Sibley, trustee.

*Laurence H. Lougee,* for Nathaniel Draper Whitin Allen and others.

*Peter I. Lawton,* for John Telford Elliott, administrator, submitted a brief.

*Rhodes G. Lockwood,* for Episcopal City Mission and others, submitted a brief.

*Harold T. Davis & Henry B. Coleman,* for Museum of Fine Arts, submitted a brief.

*David G. Colt,* for Elizabeth Howard Blake and others, submitted a brief.

*George R. Stobbs & Francis H. George,* for New England Conservatory of Music, submitted a brief.

WILLIAMS, J.  This is a petition by the surviving trustee of a testamentary trust, established under clause 211 of the will of Albert H. Whitin, late of Northbridge, for instructions as to the disposition of the trust fund.  The testator, who died on March 6, 1935, left a will containing two hundred twenty-one numbered divisions, described therein as "clauses."  There were four codicils.  The first codicil contained sixty clauses in modification or substitution of clauses in the will and in the last three changes were made in the names of executors and trustees.

By clause 211 of the will, $400,000 was left in trust to pay

the income semiannually to the testator's niece Mary Alice
Larkin, nee Whitin, during her life with provision that "At
her death, the said trust fund shall be divided in accordance
with the residuary clause of this will." Clause 220 of the
will, which contained the provisions regarding disposition of
the residue, was revoked by clause 60 of the first codicil and
the following clause substituted: "Clause 220. All the rest
and residue of my property, real, personal and mixed of
every description and kind, including all reversions and re-
mainders, to the amount of twenty thousand (20,000) dol-
lars, I give, devise and bequeath in equal parts to the Amer-
ican Antiquarian Society in Worcester, Massachusetts, and
the Anglo-American Nursing Home in Rome, Italy. The
balance of said residue in excess of twenty thousand (20,000)
dollars, if any, I give, devise and bequeath to my devoted
young cousin, Midshipman Willard A. Saunders of the United
States Naval Academy at Annapolis, Maryland."

By clause 219 of the will it was provided:

"If any of the legatees named in the foregoing clauses are
not living at the date of my death, then the sums which
would have belonged to such legatees if living, shall become
part of the residue of my estate except as otherwise specified
therein.

"If my estate does not amount to a sufficient sum to pay
all the foregoing bequests in full, then I direct that the
clauses creating trust funds and those making bequests of
five thousand dollars (5000) or more shall be satisfied in full
before the others are paid.

"Except as provided in the preceding paragraph, I direct
that all bequests under this will shall be paid in full and if
at the time any of such bequests are paid, there is any state,
national or other law requiring a tax to be paid upon the same,
I direct my Executor hereinafter named to pay said taxes
from the funds in his hands, included within the residue."

The same persons were appointed as executors of the will
and trustees of the trusts created by the will, and the peti-
tioner is not only the surviving trustee of the trust under
clause 211 but also the surviving executor.

On April 28, 1936, the executors, having ascertained that the estate was insufficient to pay all legacies in full, filed a petition in the Probate Court for instructions as to various matters concerning the administration of the estate and the construction of the will and first codicil. On reservation and report without decision to this court it was determined which legacies under the provisions of clause 219 should have preferential payment. *Smith* v. *Livermore,* 298 Mass. 223. After stating that it was the duty of the executors to pay to themselves as trustees the amount available for the trust fund under clause 211, the court said, "since the time for the distribution of the trust fund created by this clause has not arrived, it does not appear that the petitioners require specific instructions as to such distribution at the present time" (pages 240–241).

The life tenant of that trust, Mary Alice Larkin, died on May 17, 1954, and the time for distribution of the trust fund has now arrived. It is alleged by the petitioner and not controverted in the answers of the respondents that: In accordance with the decision in *Smith* v. *Livermore, supra,* and pursuant to the decree after rescript entered in that case, the executors paid to the preferred legatees, as defined in clause 219, ninety-one per cent of their respective legacies less the Massachusetts inheritance taxes upon the same and paid nothing to the deferred or residuary legatees. Ninety-one per cent of $400,000 less the Massachusetts inheritance tax upon the interest of the life tenant was paid to the trustees of the trust created by clause 211. The fund of this trust when established amounted to $352,362.26 being ninety-one per cent of $400,000 less the Massachusetts inheritance tax on the life interest. The petitioner is now converting the trust fund into cash and believes that it will amount to approximately $591,000 by reason of appreciation of investments.[1] There are expenses in connection with the closing and distribution of the trust estate, Federal and Massachusetts income taxes upon the capital gain, and Massachu-

---

[1] At time of oral argument it was stated that approximately $585,000 was realized resulting in a capital gain of $230,000.

setts inheritance taxes upon the amounts to be distributed
to legatees, all of which must be paid from the fund. Ex-
clusive of clause 211 there are preferred legacies of which the
unpaid nine per cent amounts to $107,775. The preferred
legatees number one hundred forty-two. The Massachu-
setts inheritance taxes which were deducted from the
ninety-one per cent paid amount to $60,193.86. There are
one hundred five deferred legacies totaling $124,700.

The petitioner prays that he be instructed:

A. Should the balance of the fund after payment of taxes
and expenses be distributed to the residuary legatees or ap-
plied to the payment of the deficiencies in the legacies?

B. In what order or for what purposes should this balance
be used?

C. In what manner should the taxable percentage, if any,
of the capital gain be determined in view of the fact that at
the date of the death of the testator and also at the date of
the termination of the trust there were legatees, both pre-
ferred and deferred, who were not residents of Massachusetts,
and further that such capital gain resulted from the sale of
assets subsequent to said termination?

The petition comes to us on reservation and report, with-
out decision by the Probate Court. Except for the surviving
executor of the will, it appears that all persons having in-
terests in the fund are named respondents including the
members of the State tax commission of the Commonwealth.
Many respondents have appeared and answered.

The instructions to be given are substantially the same as
those ordered to be given to the executors in *Smith* v. *Liver-
more*, 298 Mass. 223. In that case, to which hereafter refer-
ence will be made only by page, all clauses of the will and
first codicil were carefully considered, and their proper con-
struction determined. It was only because the distribution
of the trust fund under clause 211 did not at that time pre-
sent a present problem that a decision in reference to it
was not made. Regarding clause 3 of the will, whereby a
trust was created to pay the income to one Brown for life
with provision that "At her death said fund shall be dis-

tributed in accordance with the residuary clause of this will," we said, "This clause does not purport to make gifts, after the death of the life tenant, to beneficiaries named in the 'residuary clause' as designated legatees . . . , but rather provides that the fund should be subject in all respects to the provisions of the 'residuary clause'" (page 238). "Clauses 3 and 220, as changed, read together . . . mean that the reversion or remainder created by the former clause is to be treated as a part of the residue of the estate. As such, it is subject to the payment of deficiencies in pecuniary legacies — deferred as well as preferred under the second paragraph of clause 219 — in priority to payments to residuary legatees" (page 239). The same rulings are required as to clause 211. The provision in that clause for final disposition of the trust fund differs from that in clause 3 only in the use of the word "divided" instead of the word "distributed." These words, considered in their context, have the same meaning, namely, that when by virtue of clause 220 the respective reversions or remainders become a part of the residue they should be subject to the payment of legacies in accordance with the terms of the residuary clause. The use of the word "divided" manifests no intent on the part of the testator that an artificial residue be created from the remainder of the trust fund, out of which legacies should be paid prior to payment of previous pecuniary legacies (see page 239).

The trust fund held by the trustee is to be applied, as was the fund under clause 3, to the payment of deficiencies in pecuniary legacies (page 239). In answer to his request designated A, he should be instructed, after payment of taxes and expenses, to pay the balance of the fund to himself as executor to be used for the purpose we have indicated.

Request designated B pertains to the order in which payments of legacies and inheritance taxes shall be made. As to this matter the trustee needs no instructions as he has no duties to perform in respect to the administration of the testator's estate. Doubtless, as suggested in the brief of one of the respondents, as the petitioner was both surviv-

ing trustee and surviving executor he intended to obtain instructions for his guidance in both capacities; but as executor he is not a party to these proceedings. A petition for instructions is in the nature of a bill of interpleader and is governed by rules of equity practice and procedure. *Burroughs* v. *Wellington*, 211 Mass. 494, 496. *Wellesley College* v. *Attorney General*, 313 Mass. 722, 730. No decree which may be entered, instructing him in his duties as executor, will be binding until he comes before the court in such capacity. Since, however, no party has raised the point, we think instructions should be given to the executor as requested in B on the assumption that the Probate Court will allow the petition to be amended by inserting after the words "as he is" in its second line the words "the surviving executor and" so as to read, "as he is the surviving executor and the surviving trustee."

From the balance of the trust fund transferred to the estate by the trustee the executor shall pay all preferred legacies "in full" as directed in the second paragraph of clause 219, except the legacy bequeathed under clause 211. This will involve first the payment of the balance of nine per cent remaining due on the principal of each legacy less the Massachusetts inheritance tax, which must be deducted as required by law; and second the payment of interest on each unpaid balance computed at the rate of four per cent from March 6, 1936, one year after the death of the testator (pages 244–245). Interest on an unpaid legacy is regarded as an incident of or accretion to the legacy, *Kent* v. *Dunham*, 106 Mass. 586, 591; *Ogden* v. *Pattee*, 149 Mass. 82, 84; *Loring* v. *Thompson*, 184 Mass. 103, and should be added to the principal of each legacy to fulfil the requirement of payment "in full."

After satisfying the preferred legacies the executor shall next pay the principal and then the interest due on the deferred legacies, computed at the rate of four per cent from March 6, 1936, less deductions for the inheritance taxes. The testator intended that no legatee should have his legacy permanently diminished by the deductions for inheritance

taxes which the executor was obliged to make. By the third paragraph of clause 219 he directed the executor "to pay said taxes from the funds in his hands, included within the residue." As there will be no residue until bequests are satisfied in full (see page 248) there will be no fund from which the inheritance taxes can be paid until all legacies both preferred and deferred are paid as to both principal and interest. If and when a residue is established it shall be used to pay all legatees both preferred and deferred the amounts deducted from their legacies for the payment of inheritance taxes. The will appears to provide no priority in reference to such taxes. Payment of the residuary legacies will follow the payments for which provision is made as above.

We are precluded from instructing the trustee as requested in C because, as we understand the request, it requires a determination of the question whether for the reasons suggested he is entitled to deductions from the tax assessed on the capital gain of the trust. It is settled that equity will not interfere to determine the validity of a tax. *Macy* v. *Nantucket*, 121 Mass. 351. *Welch* v. *Boston*, 208 Mass. 326, 328. *Maley* v. *Fairhaven*, 280 Mass. 54, 56–57.

In case the estate is not sufficient to pay the deferred legacies in full with interest, the amount available for such payment shall be prorated among these legatees. Similarly if the deferred legacies have been satisfied and the amount thereafter remaining is insufficient to pay to the legatees the sums deducted from their legacies for payment of inheritance taxes, this amount shall be prorated among the legatees whose legacies were taxable.

There is included in the record a motion of the residuary legatee Willard A. Saunders addressed to the Probate Court to vacate that part of the final decree after rescript entered after the decision in *Smith* v. *Livermore* which instructed the executors not to pay directly to the residuary legatees "whatever sum remains of the trust fund given by clause 211 of the will at the death of the life tenant." In view

of our instructions to the executor contained in the instant opinion, we need not consider the merits of this motion, if, which we do not intimate, it is properly before us.

If within thirty days the petition is amended to include the executor as a petitioner a decree is to be entered in accordance with this opinion. If there is no such amendment a decree is to be entered in accordance with so much of this opinion as applies to instructions given to the trustee. The allowance of costs and expenses is left to the discretion of the Probate Court.

*So ordered.*