Rockingham,
No. 4779.

CHARLES W. KINGHORN, *Ex'r, Ap'ee*

*v.*

MADELINE W. ATHORNE, *Ap't.*

Submitted October 7, 1959.

Decided November 24, 1959.

*Upton, Sanders & Upton* for the plaintiff.

*Cooper, Hall & Cooper* and *John M. Brant* of counsel, for the defendant.

BLANDIN, J. The question before us is whether the defendant, Madeline W. Athorne, is entitled to interest on her pecuniary legacy for a period beginning one year after the testatrix' death and until payment was made.

By the seventh clause of her will, the testatrix bequeathed the defendant, "in appreciation of her kindness and interest in my well-being, my jewelry and the sum of Ten Thousand ($10,000.00) Dollars." In the ninth clause, she provided that her representatives might "defer and postpone . . . conversion and collection of . . . real and personal estate respectively so long as [they] . . . deem proper." The clause also contained the following provisions: "I further direct that all legacies, bequests, gifts, devises and trusts hereinbefore made and established in this instrument and the income thereof shall be held and paid by said EXECUTORS and TRUSTEES at and in their absolute discretion free from any writ, process of law, attachment, judgment or execution obtained therefrom. And I further direct that no legatee, devisee or beneficiary of any TRUST hereinbefore made and established in this instrument shall have the right to sell, assign or transfer any interest therein."

The plaintiff claims that the discretion granted the executor under the ninth clause is as to the time of payment of the legacies

and that it discloses an intent that the legacies bear no interest. The probate court having found no abuse of discretion as to the time of payment, with which finding the Superior Court agreed, the plaintiff argues that no interest is recoverable.

We do not quarrel with this finding, but we believe the case turns upon other grounds. It has long been the view here that interest is recoverable on unpaid legacies beginning at the end of one year after a testator's death. *Loring* v. *Woodward*, 41 N. H. 391, 393. This is because "The right to receive interest is an incident to the legacy itself . . . It is incident to the principal demand and not imposed upon the executor for his neglect." *Dennison* v. *Lilley*, 83 N. H. 422, 424. It is, in short, an integral part of the legacy itself. *Kent* v. *Dunham*, 106 Mass. 586, 590; *Sibley* v. *Livermore*, 332 Mass. 730, 736. The fact that it may be inconvenient or even impossible to pay a legacy at the expiration of the one-year period is in itself no barrier to the collection of interest. *Welch* v. *Adams*, 152 Mass. 74; 4 Page on Wills (3d *ed*) 548, 549; 97 C. J. S., Wills, *s.* 1356. A legatee should not be deprived of it without a clear expression of the intent of the testator so to do. 97 C. J. S., Wills, *s.* 1348d, *p.* 273. This general rule undoubtedly represents the weight of authority. We believe it also stands for the better reason, since to hold otherwise would presumably be to thwart the will of the testator. *Dennison* v. *Lilly*, *supra*, 83 N. H. 422, 425. Further, it would add one more uncertainty to a field already overburdened with such.

In the present case, we see no clearly expressed intent of the testatrix sufficient to override the prevailing rule. In our previous opinion involving the construction of the will, we held, upon consideration of the entire instrument in the light of the circumstances, that a basic object of the discretionary power vested in the executors as to the payment of principal to the former husband of the present defendant was to protect him against creditors and that the "blanket generalized provisions in clause 9" furnished no ground for the executors to withhold absolutely payments of trust income of legacies. *Athorne* v. *Athorne*, 100 N. H. 413, 416, 417.

By a parity of reasoning, we think the purpose of the clause permitting the executor here to choose a convenient time to pay legacies was for the protection of the legatees, including the defendant, against creditors, as well as to insure the most advantageous settlement of the entire estate. The testatrix' fear lest creditors despoil the beneficiaries of their funds is evinced by her

references to the payment of legacies by the executors "free from any writ, process of law, attachment, judgment or execution obtained therefrom," and by her further direction that "no legatee, devisee, or beneficiary . . . shall have the right to sell, assign or transfer any interest therein." The general rule requiring the payment of interest is applicable in the absence of designation of any time for payment by the testatrix. *Dennison* v. *Lilley,* 83 N. H. 422, 424; *Foster* v. *McLane,* 84 N. H. 203. The provisions authorizing the representatives to liquidate the estate and to pay the legacies at their discretion were designed to effect "the convenient and most profitable management of the estate, and not the time from which interest should be reckoned." *Bartlett, Petitioner,* 163 Mass. 509, 521.

In conclusion, we hold that the mere granting of discretionary power to the executors in the circumstances here is not decisive. 97 C. J. S., Wills, s. 1348c, *pp.* 271, 272. At the best, the disputed clause is equivocal and insufficient to cause us to override the well-established and sound general rule which promotes uniformity in probate administration. It follows the defendant is entitled to interest at the legal rate of six per cent under RSA 336:1 for the period beginning one year after the testatrix' death and until payment was made. There being no other exceptions briefed or argued, the order is

*Appeal sustained; judgment for the defendant.*

All concurred.