Metropolitan District Police Relief Assn. Inc. *v.* Commissioner of Insurance.

METROPOLITAN DISTRICT POLICE RELIEF ASSOCIATION, INC. *vs.*
COMMISSIONER OF INSURANCE.

Suffolk. May 4, 1964. — June 25, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Fraternal Benefit Society. Corporation,* Fraternal corporation. *Equity
Jurisdiction,* Declaratory relief, Proceeding against Commonwealth.
*Equity Pleading and Practice,* Parties.

In St. 1925, c. 96, amended by St. 1960, c. 128, authorizing the Metro-
politan District Police Relief Association, Inc. to pay benefits in amounts
above the amounts permitted by R. L. c. 119, § 12, under which the
association was organized, and by the successor of § 12, G. L. c. 176,
§ 46, the words "any provision of law or of its charter to the contrary
notwithstanding" applied only to the amounts payable and did not
operate to keep the association subject to c. 176, § 46; the association
is subject to c. 176, § 45, as in effect immediately prior to the effective
date of St. 1958, c. 540.   [688–689]
A fraternal beneficiary corporation was entitled to maintain a suit in
equity for declaratory relief against the Commissioner of Insurance to
determine to which of two statutes the corporation was subject where it
appeared that the Division of Insurance had made an advisory ruling
conflicting with the opinion of the corporation's counsel, but that there
had been no adjudicatory proceeding respecting the matter within G. L.
c. 30A; nothing in c. 30A precluded granting declaratory relief, nor
was the suit barred on the ground that such a suit does not lie against
the Commonwealth since the Commonwealth was not a party nor re-
quired to be a party.   [689]

BILL IN EQUITY filed in the Supreme Judicial Court for
the county of Suffolk on November 14, 1962.

Upon transfer to the Superior Court the case was re-
served and reported by *Sgarzi, J.*

The case was submitted on briefs.

*Joseph G. Crane & Joseph S. Oteri* for the plaintiff.

*Edward W. Brooke,* Attorney General, *& David W. Hays,*
Assistant Attorney General, for the defendant.

CUTTER, J. This is a bill for declaratory relief brought
by the plaintiff (Association) to determine whether it is

347 Mass. 686                                                   687

Metropolitan District Police Relief Assn. Inc. *v.* Commissioner of Insurance.

subject to G. L. c. 176, § 45.   The commissioner's demurrer asserts that the Superior Court lacks jurisdiction.   The case has been reported without decision by a judge of the Superior Court upon the pleadings and a statement of agreed facts constituting a case stated.

Association was organized in 1905 under R. L. c. 119 as a fraternal beneficiary corporation.   It became subject to § 12[1] of that chapter.   By St. 1925, c. 96, Association was authorized to pay "death or funeral benefits not exceeding one thousand dollars, and disability benefits not exceeding twenty-five dollars weekly, *any provision of law or of its charter to the contrary notwithstanding*" (emphasis supplied).   Statute 1925, c. 96, was amended by St. 1960, c. 128, so as to substitute the words "fifteen hundred" for "one thousand" and "thirty-five" for "twenty-five."

General Laws c. 176, § 46,[2] carried forward the provisions of R. L. c. 119, § 12, but the section was not embodied in G. L. c. 176 as revised by St. 1958, c. 540, § 1.   Section 2 of c. 540 provided that any society ("as defined in" G. L. c. 176, as in effect immediately prior to the effective date of c. 540) "which is transacting business on" December 31, 1958, under the authority of c. 176, §§ 45 to 46D (as theretofore in effect), "may exercise all the rights, powers and privileges prescribed for such society under" c. 176 "as in effect immediately preceding the effective date" of c. 540.

. By a letter from the Division of Insurance dated October 5, 1961, Association was informed of "a definite decision"

---

[1] Section 12 read, "A fraternal beneficiary corporation, — or an association which limits its membership to a particular order, class or fraternity, or to the employees of . . . the commonwealth . . . — any one of which pays a death or funeral benefit not exceeding two hundred dollars, or disability benefits not exceeding ten dollars a week, or both, and which is not conducted as a business enterprise or for profit, may transact in this commonwealth such business, without otherwise conforming to the provisions of this chapter."

[2] Section 46, as amended by St. 1955, c. 108, § 2, read in part, "A domestic society which limits its membership as provided in section four . . . which pays a death or funeral benefit limited to not more than two hundred dollars, disability benefits not exceeding ten dollars a week, or any or all of such benefits . . . and which embraces therein only persons of the same occupation, may transact business in the commonwealth without conforming to the provisions of this chapter except this section and" §§ 29, 30, 36, 47, 47A, and 49 (none of which seem relevant to the present discussion), or to the provisions of c. 175, subject to a proviso not here relevant.

688                                                              347 Mass. 686

Metropolitan District Police Relief Assn. Inc. *v.* Commissioner of Insurance.

of the division's assistant attorney that Association was subject to G. L. c. 176, § 45.[3] It is not argued by the commissioner that Association does not limit its membership as provided in G. L. c. 176, § 4. On the contrary the commissioner says that Association is a corporation within the class described by the words immediately following point [A] of § 45 (fn. 3) and that the italicized words (immediately following point [C] in § 45, fn. 3) apply only to the second class of organizations described in § 45 (see words immediately following point [B] of § 45 as quoted in fn. 3). Association contends that the words, "any provision of law or of its charter to the contrary notwithstanding," found in the special acts relating to it (St. 1925, c. 96, and St. 1960, c. 128) have the consequence of leaving Association subject to § 46.

The matter appears to be of significance now by reason of St. 1961, c. 155,[4] which gives to the commissioner certain powers, with respect to corporations doing business under G. L. c. 176, § 45, as in effect prior to the effective date of St. 1958, c. 540.

1. We think that St. 1925, c. 96, and St. 1960, c. 128, merely authorized Association to pay increased benefits. We interpret the words, "any provision of law or of its charter to the contrary notwithstanding" as having application only to the specific increased authority granted by

---

[3] Section 45, as amended by St. 1955, c. 108, § 1, read in part, "[A] Domestic fraternal benefit corporations governed by direct vote of their members and limiting their membership as provided in section four and [B] domestic fraternal benefit corporations limiting their membership to the permanent employees of . . . the commonwealth . . . [C] *and not paying death benefits, but paying annuities or gratuities contingent upon disability or long service; may continue to transact business in the commonwealth.* Such corporations . . . shall be governed by" §§ 4 to 11, 14, 18, and 21, so far as applicable, 22, 29, 30, 32, 36 to 38, 47, 47A, and 49, and are made subject to certain other provisions not now relevant. The letters in brackets above are inserted for convenient reference to the immediately following language. Emphasis is supplied.

[4] Chapter 155 amends St. 1958, c. 540, by adding a new § 2A, which reads, "Any fraternal benefit society transacting business under authority of . . . [G. L. c. 176, § 45] as in effect immediately preceding the effective date of this act, may, with the prior approval in writing of the commissioner of insurance, invest an amount not to exceed twenty-five per cent of its funds in certificates of beneficial interest issued by a common law trust or in shares of stock issued by a corporation organized as an investment company."

these two special statutes. It would take more explicit language to lead us to give any broader effect to the quoted words (probably inserted out of excess of caution to make sure that no other statutory provision would prevent payment of the increased benefits). We perceive no basis in the 1925 or the 1960 statutes for any contention that these words operated to keep Association subject to c. 176, § 46.

2. This bill for declaratory relief comes within the principle declared in *Madden* v. *State Tax Commn.* 333 Mass. 734, 736–737. See *St. Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 470–471. It is a sensible and proper method of obtaining judicial interpretation of the applicability of somewhat confusing statutes. It is clear that there exists genuine controversy concerning an issue of law between a corporation and a State agency, growing out of conflicting opinions of counsel. The State is not in any sense a party to the controversy or required to be one. See *Franklin Fair Assn. Inc.* v. *Secretary of the Commonwealth, ante,* 110, 113. The case of *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 357–358, has no application.

General Laws c. 30A does not preclude granting declaratory relief. The division has given at most only an advisory ruling. See c. 30A, § 8. There has been no adjudicatory proceeding. No exclusive statutory remedy precludes declaratory relief concerning this controversy.

3. A final decree is to be entered overruling the commissioner's demurrer and declaring (1) that Association is subject to G. L. c. 176, § 45, as in effect immediately prior to the effective date of St. 1958, c. 540, and (2) that Association is not relieved of any otherwise applicable statutory regulation by the Division of Insurance by reason of St. 1925, c. 96, as amended by St. 1960, c. 128, or the words therein contained, viz. "any provision of law or of its charter to the contrary notwithstanding."

*So ordered.*