MASSACHUSETTS ASSOCIATION OF TOBACCO DISTRIBUTORS & others[1] *vs.* STATE TAX COMMISSION.

Suffolk. March 6, 1968. — March 29, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Cigarette tax, "Little cigar." *Equity Jurisdiction,* Tax, Declaratory relief. *Cigarette.* *"Little Cigar."* *Equity Pleading and Practice,* Parties. *Words,* "Cigarette."

A declaratory decree in a suit in equity under G. L. c. 231A, as to whether "little cigars" are subject to the cigarette tax under G. L. c. 64C by reason of the definition of "cigarette" in § 1, as amended through St. 1966, c. 541, § 1, was not precluded by the existence of taxpayer remedies under c. 64C; or by lack of joinder of necessary parties, since the State Tax Commission was the defendant and the plaintiffs represented tobacco wholesalers, tobacco retailers, and the individual consumer upon whom the tax would ultimately fall, even though no manufacturer was joined as a party; or by lack of standing of the plaintiffs, who would probably suffer monetary loss if the tax should be imposed. [87–89]

"Little cigars," rolls of tobacco not looking as though wrapped in paper, of a color wholly different from the customary white cigarette, packaged and labeled in a manner not likely to be confused with the packages and labels of cigarettes, frequently sold with a short holder commonly used with cigars, and not shown to have a type of tobacco in

---

[1] Joseph P. Manning Company, The Broder Co., Inc., The Broadway Tobacco and Candy Co., Harvey Payne, Inc.; various officers of the foregoing and of Massachusetts Association of Tobacco Distributors; and Associated Greater Boston Tobacco Retailers, Inc.

the filler which would deceive consumers of cigarettes, do not fall within the definition of "cigarette" in G. L. c. 64C, § 1, as amended by St. 1966, c. 541, § 1, and are not subject to the tax imposed by c. 64C. [89-90]

BILL IN EQUITY filed in the Superior Court on December 15, 1966.

The suit was reported by *Pecce, J.*

*Robert S. Frank, Jr.,* for the plaintiffs.

*Paul N. Gollub,* Assistant Attorney General, for State Tax Commission.

WILKINS, C.J. This bill in equity seeks a declaratory decree whether the tax imposed by the Cigarette Excise Law, G. L. c. 64C, § 1 (as amended through St. 1966, c. 541, § 1),[2] applies to "little cigars." The case is reported without decision by a judge of the Superior Court on the bill, the demurrer, the answer, and an agreement as to all the facts which meets the requirements of a case stated. *Caissie* v. *Cambridge,* 317 Mass. 346, 347. *Members of Bakery & Confectionery Wkrs. Intl. Union* v. *Hall Baking Co.* 320 Mass. 286, 290-291. *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130-131. See *Scott* v. *Manager State Airport, Hanscom Field,* 336 Mass. 372, 373.

The plaintiff Massachusetts Association of Tobacco Distributors (Wholesalers) is an unincorporated association whose members are companies or representatives of companies which sell and distribute cigarettes, cigars, and other tobacco products to retailers in Massachusetts. It is the only association of tobacco wholesalers in the Commonwealth.

The plaintiff Associated Greater Boston Tobacco Retailers, Inc. (Retailers), is a Massachusetts corporation located in Boston. Its members are the majority of retail stores in or near Boston whose principal business is the sale

---

[2] "Whenever used in this chapter, unless the context otherwise requires . . . the word 'cigarette' shall mean (1) any roll of tobacco wrapped in paper or in any substance not containing tobacco, and (2) any roll of tobacco wrapped in any substance containing tobacco which, because of its appearance, the type of tobacco used in the filler, or its packaging and labeling, is likely to be offered to, or purchased by, consumers as a cigarette described in clause (1)."

at retail of cigarettes, cigars, and other tobacco products. It is the largest association of tobacco retailers in the Commonwealth.

The other plaintiffs are four Massachusetts corporations which sell cigarettes and tobacco products at wholesale throughout metropolitan Boston, and four individuals who are the four principal officers of Wholesalers and each of whom is an officer of one of the four wholesale corporations.

The excise tax imposed on the sale of cigarettes is ordinarily imposed on the wholesaler, is passed on by the wholesaler to the retailer, and by the retailer to the retail consumer.

The defendant commission comprises the defendant commissioner and the defendant associate commissioners. By law the commissioner is charged with the administration and collection of the tax and the commission with its interpretation. G. L. c. 64C, § 25 (as amended through St. 1953, c. 654, § 86). The commission intends to collect and enforce the excise on "little cigars" as cigarettes within the definition of G. L. c. 64C, § 1. This proposed action will probably decrease wholesale and retail sale of "little cigars" in the Commonwealth.

A "little cigar" is a roll of tobacco of the approximate dimensions of a paper-wrapped cigarette, or somewhat larger, filled with tobacco of a different grade and type from paper-wrapped cigarettes, and wrapped in tobacco. There never has been a Federal tax on "little cigars" as paper-wrapped cigarettes. Neither was there such a Massachusetts tax prior to the effective date of St. 1966, c. 541, § 1, which was the first time the cigarette law contained a definition of "cigarette."

We do not consider the defendants' demurrer as such, as we shall rest our decision on the merits. *Massachusetts Bar Assn.* v. *Cronin,* 351 Mass. 321, 324. See *Pearson* v. *Mulloney,* 289 Mass. 508, 510–511; *Olszewski* v. *Sardynski,* 316 Mass. 715, 717; *Pineo* v. *White,* 320 Mass. 487, 489.

The commission raises a number of points to avoid our making a declaratory decree. First, it is said that remedies provided by tax laws are exclusive. See *Welch* v. *Boston,*

208 Mass. 326, 328; *Atlantic Pharmacal Co.* v. *Commissioner of Corps. & Taxn.* 294 Mass. 485, 486–487. And it is suggested that G. L. c. 64C, §§ 7, 22, 23, and 24 are such remedies. The decisions in the *Welch* and *Atlantic Pharmacal* cases were modified by *Meenes* v. *Goldberg,* 331 Mass. 688, 690–691, where it was held that the existence of remedies under the tax law did not prevent judicial action under G. L. c. 231A, § 9 of which calls for liberal construction and administration of declaratory procedure. The case last cited was affirmed in *Madden* v. *State Tax Commn.* 333 Mass. 734, 735–736, as "in line with present tendencies." There has been no weakening in those tendencies. See *Squantum Gardens, Inc.* v. *Assessors of Quincy,* 335 Mass. 440, 443; *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337, 339–340; *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223, 235; Borchard, Declaratory Judgments (2d ed.) 825.

Second, the commission asserts that all necessary parties have not been joined in the proceedings. We recognized in *Harvey Payne, Inc.* v. *Slate Co.* 342 Mass. 368, that the commission was a necessary party under G. L. c. 231A, § 8, to a bill in equity for a declaratory decree relative to the imposition of the excise tax under G. L. c. 64C. Cf. *Harvey Payne, Inc.* v. *Slate Co.* 345 Mass. 488. Here, where the commission is a party and the plaintiffs represent the wholesalers, the retailers, and the individual consumer upon whom the tax falls, we think that there is no one who might have or claim any interest which would be affected by the declaration whose interest is not now represented. See G. L. c. 231A, § 8. That no manufacturers have been made parties, as objected to by the commission, is not fatal. No suggestion is offered wherein their position would differ as affected by our declaration. There is no requirement that everyone with interests identical to those already parties be joined. See *Leonard* v. *Eastern Mass. St. Ry.* 335 Mass. 308, 314; *Woods* v. *Newton,* 349 Mass. 373, 379.

Third, the commission challenges the plaintiffs' standing to bring this bill. There is no merit in this contention. A salient purpose of G. L. c. 231A, as set forth in § 9, is to

remove, and to afford relief from, uncertainty and insecurity in the applicability of statutes. *Metropolitan Dist. Police Relief Assn.* v. *Commissioner of Ins.* 347 Mass. 686, 689. *Commissioner of Adm.* v. *Kelley,* 350 Mass. 501, 505. The probable loss of revenue to the plaintiffs, should an excise tax be imposed on the sale of "little cigars," is sufficient to confer standing upon them. See *Meenes* v. *Goldberg,* 331 Mass. 688, 691.

On the merits, the decision is not difficult. A tax statute must be strictly construed and "all doubts are to be resolved in favor of the taxpayer." *Bolster* v. *Commissioner of Corps. & Taxn.* 319 Mass. 81, 85. See *Gordon* v. *State Tax Commn.* 335 Mass. 431, 437; *State Tax Commn.* v. *John Hancock Mut. Life Ins. Co.* 341 Mass. 555, 565.

The Commonwealth imposes no tax on the retail sale of cigars. The contention that "little cigars" are subject to the excise tax must depend upon the construction of clause (2) of the definition of "cigarette" in c. 64C, § 1. In other words, they must, because of (1) appearance, or (2) type of tobacco used in the filler, or (3) packaging and labeling, be likely to be offered to, or purchased by, consumers as a cigarette described in clause (1). Nothing in the agreed facts supports such a conclusion. Mere examination of the exhibits amply demonstrates that "little cigars" are not cigarettes as defined in clause (1). They do not look as though wrapped in paper. Their color is wholly different from the customary white cigarette. Their packaging and labeling are not likely to be confused with those of cigarettes. Packages containing "little cigars" are labeled as such, or simply as "cigars," and are frequently sold with a short holder commonly used with cigars. Express evidence would be needed to enable a finding that the type of tobacco in the filler would deceive consumers of cigarettes with their individual tastes. The record contains no such finding. We conclude as a fact that "little cigars" do not fall within the definition of G. L. c. 64C, § 1.

The result is clear on the elementary facts. We nevertheless add that we are impressed favorably by the plain-

tiffs' arguments that the purpose of the enactment was "to strengthen the policy of uniformity of the Massachusetts Tobacco Excise Tax with the Federal Tobacco Excise."

A decree is to enter declaring that "little cigars" as a product are not within the definition of "cigarette" in G. L. c. 64C, § 1, and are not subject to the tax imposed by that chapter.

*So ordered.*